Bartozek, Plaintiff in error, vs. The State, Defendant in error.

*March 14—April 7, 1925.*

*Criminal law: Change of plea of guilty: When application denied: Unlawful seizure: Evidence not available to convict.*

This court will not interfere with the action of the trial court in refusing to grant leave to a defendant who had been arrested and arraigned for a violation of the state prohibition law and who, after having been advised of his rights, waived preliminary examination and pleaded guilty, to withdraw his plea of guilty solely because the defendant's arrest was unlawful and the liquor obtained as a result could not have been received in evidence against the defendant.

Error to review an order of the municipal court of the city of Ripon, Fond du Lac county: Kenneth C. Higby, Judge. *Affirmed.*

On or about March 8, 1924, a police officer of the city of Ripon accosted the plaintiff in error (hereinafter called the

Bartozek v. State, 186 Wis. 644.

defendant), placed his hand upon his coat and asked him what he had there. The defendant opened his coat and revealed a bottle of moonshine whisky. The police officer took him in custody and lodged him in jail. On the 10th day of March the chief of police of the city of Ripon made complaint against the defendant charging him with the manufacture, having in his possession, and transporting for sale intoxicating liquor contrary to sec. 1543 of the Statutes. Upon this complaint the municipal court issued a warrant for the arrest of the defendant. He was arrested on such warrant and brought before the court. He waived a preliminary hearing and was bound over to the same court for trial. On the same day he was arraigned in municipal court, pleaded guilty to the charge, and was sentenced to two months in jail and to pay a fine of $300 and the costs of this action. He was duly committed to jail and entered upon the execution of his sentence.

After his commitment to jail the defendant procured the services of J. E. O'Brien, Esq., an attorney at law, at whose request, and with the consent of the district attorney, the defendant was again taken before the municipal court and an application made to withdraw his plea of guilty and replead. Upon the hearing of this application the chief of police and the police officer who made the arrest were examined orally before the court and testified to the circumstances leading up to the arrest of the defendant. The court denied the application to withdraw the plea, stating as reasons therefor "that after the defendant was given full explanation by the court and by the chief of police as to his rights, he chose to waive preliminary examination and later chose to plead guilty; that in answer to questions he admitted to the court that he had previously been convicted and served time for manufacturing intoxicating liquor, and at that time no evidence was introduced against him because of his plea of guilty; and for the further reason that the court is well satisfied from statements made by the defendant in the presence

of the court that he is guilty, and believes that justice has been done by this conviction and sentence."

The defendant brings writ of error to review this order.

The cause was submitted for the plaintiff in error on the brief of *Reilly & O'Brien* of Fond du Lac, and for the defendant in error on that of *James Murray,* district attorney of Fond du Lac county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

OWEN, J.   It is difficult to believe that counsel of the recognized ability of defendant's attorneys can seriously urge upon this court a reversal of the order denying the application of the defendant to withdraw his plea of guilty. Their argument in that behalf seems to be based upon the decision of this court in *Allen v. State,* 183 Wis. 323, 197 N. W. 808, where it was held that an arrest under circumstances very similar to those under which the defendant was arrested was unlawful, and that liquor the possession of which was obtained in much the same manner was inadmissible in evidence against the defendant.   However, it is not perceived that that case has any application here.   We may grant that the arrest was unlawful and that the police officer who made the same would be responsible in a civil action for false imprisonment.   We may also concede that the liquor thus obtained could not have been received in evidence against the defendant.   But these concessions neither discredit nor impeach the action of the court in sentencing the defendant upon his plea of guilty.   The defendant had a right to waive his preliminary examination and to plead guilty upon arraignment even though the State did not have in its possession evidence upon which he could have been convicted upon a trial.

In *Sorenson v. State,* 178 Wis. 197, 201, 188 N. W. 622, this court said:

"In a criminal case if a plea of guilty is understandingly entered by a sane adult defendant no further trial than the

proper pronouncement of a sentence is required.   There is no issue to be tried, no need for a jury, nor for the waiver of a jury trial either orally or in writing, nor need the plea of guilty be in writing.   The reception of such a plea and a lawful sentence thereon violates no guaranty of either our own or the federal constitution, but on the other hand constitutes due process of law.   We deem it unnecessary to cite authorities to sustain the above elementary principles of criminal law."

Neither is there anything unlawful about the reception of such plea because the defendant is not represented by counsel.   "Every person *sui juris* who is charged with crime has a right to try his own case if he so desires.   The constitution guarantees him the right to be heard by himself as well as by counsel." *Dietz v. State,* 149 Wis. 462, 479, 136 N. W. 166.

The sentencing of an innocent person upon a plea of guilty is one thing, while the sentencing of a guilty person upon such a plea is quite another.   The defendant makes no claim of innocence, but evidently takes the position that his application should be granted for the sole reason that the State does not have at hand legal proof of his guilt.   He makes no claim that justice has not been done.   Under such circumstances this court will not interfere with the action of the trial court in the absence of any violation of constitutional or lawful rights.

*By the Court.*—Order affirmed.