STATE OF IOWA, Appellee, v. CHARLES HARNESS, Appellant.

No. 40934.

OCTOBER 20, 1931.

REHEARING DENIED MARCH 15, 1932.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, J. M. C. Hamilton, County Attorney, and D. J. McNamara, Deputy County Attorney, for appellee.

B. F. Jones, for appellant.

■ DE GRAFF, J.—I. The appellant assigns error in that the trial court overruled his demurrer to the indictment. The indictment was drawn under the provisions of the so-called short form of indictment. Section 13734 et seq. (Chapter 266, Acts of the 43d G. A.) The charging part of the instant indictment alleges that the defendant Harness "willfully, deliberately, premeditatedly and with malice aforethought killed William Carr by shooting him with a revolver," etc. The defendant's contention is that the indictment does not state all of the elements involved in first degree murder in that there was no intent to kill alleged and therefore his demurrer should have been sustained.

The constitutionality of the short form indictment is not questioned. Section 2, Chapter 266, of the Acts of the 43d G. A., provides *inter alia* that an indictment is sufficient if the offense is stated either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning so that it is sufficient to give the court and the accused notice of what offense is intended to be charged.

Section 12910, Code, 1927, provides that whoever kills a human being with malice aforethought, either express or implied, is guilty of murder. Section 12911 provides that murder in the first degree is any kind of willful, deliberate, and premeditated killing. It follows, therefore, that the only statutory elements of the crime of murder in the first degree are willfulness, deliberation, and premeditation in the killing of a human being with malice aforethought. Measured by the short form of indictment as prescribed by law the instant indictment complies with all of the requirements and is substantially in the language of the statute. It is not contended by the appellant that he was not sufficiently apprised of the charge against him so as to know what offense was intended to be charged. He did not request a bill of particulars, which in legal effect is a more specific statement of the details of the offense charged. Section 4, Chapter 266, Acts of the 43d G. A. The defendant merely relied upon an abstract proposition in which he claimed that the indictment should allege the element of intentional killing. It may be observed that the short form of indictment, as provided in Section 12, Chapter 266, of the Acts of the 43d G. A., provides that an indictment need not contain an allegation of the intent with which an act is done unless such allegation is necessary to charge

the offense under Section 2 of said chapter. As heretofore pointed out, all that the law requires is that the indictment should be couched in language having substantially the same meaning as the statute defining the offense, and the statute in this case does not contain the word "intent" in any form. The law relative to the form of indictments is procedural in character, and no substantial right of the defendant's is affected by the procedure in the case at bar. See People v. Stevenson, 284 Pac. 487 (Cal.).

■ There were two grounds set out in the demurrer, both in general terms, but not specifically pointing out any defect in the indictment.

As heretofore pointed out, the appellant in argument urges that the indictment is not good as an indictment for murder in the first degree, because it does not allege that the act committed was with intent to kill, or to take the life of the deceased. Reference to such matter is not pointed out in the demurrer. Further than this, the demurrer went to the whole indictment, and if there was enough in the indictment to charge murder in the second degree, or the included offense of manslaughter, the demurrer was rightfully overruled.

■ Again, any defect in the indictment, so far as charging murder in the first or even in the second degree is concerned, is wholly immaterial, because the defendant was only convicted of manslaughter, and the sufficiency of the indictment for the included offense of manslaughter is in no way questioned. See 31 C. J. 856, Note 68, where cases on this proposition are collected.

We hold that the instant indictment conforms to the requirements of the law. The trial court, therefore, did not err in overruling the defendant's demurrer thereto.

■ II. The appellant also challenges the sufficiency of the evidence and states as a proposition that the trial court should have sustained his motion for a directed verdict made at the close of the state's testimony, which motion was renewed upon the conclusion of all the testimony. The instant motion is in legal effect an application to the court to withdraw from the consideration of the jury the crime of murder in the first degree. The motion of the defendant was to direct the jury to find the defendant not guilty and for the reason that the evidence is "incompetent, irrelevant, and immaterial, and that it is incompetent under the indictment returned in this case to show first degree murder in

that the indictment does not charge the defendant with intent to commit murder * * * and the evidence given on behalf of the state on this indictment, as it now stands, is insufficient to sustain first degree murder and the defendant asks that he be discharged, or the jury instructed to find the defendant not guilty.'' The motion of the defendant was properly overruled. An examination of the evidence discloses that the jury could have returned a verdict of murder in the first degree. In any event, there was no prejudice to the defendant for the reason that the jury did acquit him of both first and second degree murder and found him guilty of the included offense of manslaughter. The defendant did not in his motion for a directed verdict, nor does he on this appeal, complain that the evidence is insufficient to justify a verdict of manslaughter.

The record evidence clearly shows that the deceased William Carr was a guest in the defendant's rooming house on the afternoon of May 11, 1930. The killing was admittedly done by the defendant by shooting William Carr with a revolver. The evidence is undisputed that the defendant inflicted a bullet wound on Carr and as a result of said wound Carr died. The evidence shows that the deceased and the defendant Harness had some altercation and that one of the other visitors at the place took hold of Carr, who had been drinking, and held him. While Carr was thus being restrained, the defendant walked into another room and secured his revolver from under the pillow in a bed in that room. He then walked back to the door of the room in which Carr was being held and deliberately aimed at and shot him. The first shot went wild and the second shot struck Carr, mortally wounding him. The evidence discloses that the defendant when he returned to the room approached within four or five feet of Carr before he fired the first shot. Carr had no weapon. A jury question was presented as to whether the defendant was guilty of murder. The court did not err in permitting the jury to pass upon that question.

III. The defendant assigns error in that the court admitted into the evidence Exhibit D, which is a signed statement by the defendant to the police officers, in which statement the defendant purports to have related how the shooting occurred. The record discloses that the statement is no different from the testimony of the defendant himself. The officers had already

testified in substance to the same matter. There is no proper objection to any part of the written statement Exhibit D, and the trial court did not err in overruling the objection made by the defendant to its introduction. State v. Woodmansee, 212 Iowa 596.

IV. Appellant challenges the correctness of the instruction given by the trial court relative to self-defense. The instruction, read in the light of the other instructions, contains correct statements of the law. There was no error here.

What has been said in Division I disposes of the complaint against Instruction No. 6.

Much complaint is made on the refusal of the court to give Instruction No. 12, requested by the defendant. This requested instruction, in substance, tells the jury that the defendant was in his own home, and had a right to protect his home, his wife, and himself, and meet force with force. If the attack was so fierce that he believed his life was in danger, then he was justified in killing the aggressor.

This question was fully covered in the instructions given, and especially in Instruction No. 18, where the court said, among other things, speaking of the rights of the defendant:

"He was entitled to stand his ground in such a way and with such force as, under all the circumstances, he, at the moment, honestly believed, and had reasonable grounds to believe, was necessary to save his own life or to protect himself from great bodily injury, or was necessary to save Mrs. Harness' life or to protect her from great bodily injury."

This same thought was repeated in other instructions. Defendant has no basis upon which to complain of the refusal to give Instruction 12.

V. Lastly, the appellant assigns error in the giving of the instruction (No. 28) relative to the defendant's being a peaceable and law-abiding citizen. In this instruction the court said that it is competent in criminal cases to show that prior to the time of the commission of the alleged offense he was a man of good moral character and "of a peaceable and quiet disposition." The jury was told that this fact should be given such weight in explanation of the transaction between himself and the deceased William Carr as from all the evidence, facts, and

circumstances appears to be applicable. In other words, the jury was instructed to consider the evidence bearing on defendant's moral character and peaceable disposition together with all other facts and circumstances in determining the guilt of the defendant which must be established beyond a reasonable doubt. In passing it may be said that evidence of good character and peaceableness does not constitute a defense to the crime charged or any included offense thereof, but may be considered by the jury along with other facts and circumstances in determining the guilt or innocence of a defendant. We find no error in the assignment having to do with the instruction in question or with any instruction given by the trial court.

Upon a careful review of this record, we conclude it is free from reversible error. The jury was indeed charitable and lenient with the defendant in returning, under the evidence, a verdict of manslaughter. The judgment entered is—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.