STATE OF IOWA, Appellee, v. ELVA L. LONG, Appellant.

No. 41101.

DECEMBER 13, 1932.

Wessels & Wessels, Milton Strickler, and C. T. Gibson, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

FAVILLE, J.—The facts of this case are not greatly in dispute.

University Avenue in the city of Des Moines runs east and west. Upon this street are street car tracks, which for a portion of the street are double tracks, and between 40th and 43d Streets there is a single track, which appears to be located south of the middle of the avenue.

On the evening of February 18, 1931, a young woman by the name of Martha Stull, in company with four young lady friends, was riding on a street car going westward on University Avenue. The car was stopped on the east side of the crossing, at the corner of University Avenue and West 43d Street. The latter is a "dead-end" street and does not pass south of University Avenue. After the street car stopped two of Miss Stull's companions alighted from the car and proceeded to the north curbing of University Avenue. Miss Stull and one of her companions stepped from the street car to the pavement, and at almost the same instant Miss Stull was struck by an automobile driven by the appellant. The automobile came from the east and passed the standing street car. The speed of the appellant's automobile was estimated to be from 40 to 50 miles an hour. The impact was so great that Miss Stull's body was hurled approximately 110 feet west of the front end of the street car. Appellant's car was stopped after it had passed some distance west of the west line of 43d Street. There was testimony to the effect that the body of Miss Stull was thrown approximately 10 feet into the air. The injuries were very severe, the testimony showing that there were cuts about the head, that the liver was ruptured, the lower part of the right lung punctured, four ribs were crushed and broken, the lower vertebrae were crushed, there was a compound fracture of two of the bones of the right leg, and death resulted in a few hours. After the accident the appellant got out of his automobile, gave his name and address to the motorman, and shortly after left the scene of the accident. His automobile showed the evidences of the impact in that various parts of the car were broken or injured; the radiator had been broken back several inches, and the tie rod between the headlights was broken back three or four inches.

Various errors are assigned by the appellant.

I. The indictment is in the following form:

"The Grand Jury of the County of Polk, in the State of Iowa,

accuse Elva L. Long of Manslaughter, and charge that Elva L. Long unlawfully killed Martha Stull."

To this indictment the appellant filed the following demurrer:

"The defendant, Elva L. Long, after leave of court first had and obtained, withdraws his plea of Not Guilty heretofore entered herein and Demurs to the Indictment filed herein, and as grounds for such Demurrer says:

"That said Indictment does not conform to the requirements of the laws of the State of Iowa."

The demurrer was overruled.

The demurrer fails to point out in what manner the indictment "does not conform to the requirements of the laws of the state of Iowa," and the argument of the appellant is likewise deficient in this respect.

The indictment was drawn under the Short Form of Indictment Act, Code, ch. 638, and complied with the requirements of section 13732-c33. No bill of particulars was requested and there is no showing whatever that the minutes of the testimony attached to the indictment were not ample to fully apprise the appellant of the offense charged.

Under the record there is no merit in appellant's contention at this point.

II. The appellant assigns as error the overruling of objections made by the appellant to the opening statement of the county attorney with reference to the alleged intoxication of the appellant. In his opening statement the county attorney referred to the evidence regarding the manner in which the accident took place. The following then occurred:

"This defendant stopped his car and the police were summoned. He gave his name to the motorman, and then he got in his car and left. Some 40 or 45 minutes later he was taken into custody, and to the station. The officers examined this man by closely inspecting him and smelling his breath and all of them testifying that he was in an intoxicated condition, had the smell of alcohol on his breath. Some of the witnesses there saw him there in the car at the time said he acted———."

"Mr. Gibson. If the court please, at this point we wish to object to the opening statement for the reason that the Indictment

filed in this case is not predicated upon intoxication. I think the matter should be presented to the court in the absence of the jury.

"The Court. Do you wish to present it in the absence of the jury?

"Mr. Gibson. If the court please.

"Jury admonished and excused from the court room. After presentation and argument the court overruled the objections of the defendant, allowing exceptions thereto."

Whereupon it appears that the appellant made certain objections to the opening statement of the county attorney relative to the matter of intoxication, in the absence of the jury, but it does not appear from the record that any ruling was made upon these objections.

It is to be noticed that the statement of the county attorney referred to the fact that it was some 40 or 45 minutes after the accident before the appellant was arrested. The statement of the county attorney had reference only to the appellant's condition at that time. There is no claim that the opening statement of the county attorney was in any way made in bad faith. It appears that the county attorney offered evidence with regard to the condition of the appellant at the time of his arrest, some 40 or 45 minutes after the accident, and this evidence was excluded and the jury properly admonished. The matter was promptly abandoned when proper objection was made thereto, and no further mention was made of the matter. It does not appear that there was any intentional wrong on the part of the county attorney or that appellant was prejudiced by what took place in the transaction. It was a matter of procedure and largely within the control and discretion of the trial court. We fail to find reversible error at this point.

As bearing on the question involved, see State v. Allen, 100 Iowa 7; State v. Todd, 110 Iowa 631; State v. Trusty, 122 Iowa 82.

III. Error is predicated on the claim of misconduct on the part of the county attorney in another matter. It is contended that outside of the court, a reporter for a newspaper published in Des Moines interviewed the county attorney in regard to the case, and in respect to the claim that the appellant was intoxicated, and the reporter caused an article to be published in said paper. It is claimed that it was possible for the paper to come into the possession of the jurors upon the trial of the case. The evidence utterly

fails to show any misconduct on the part of the county attorney in this respect. There is no showing that he in any way invited the publication of the article referred to or was guilty of any misconduct in relation thereto, and the record is devoid of any proof that any member of the jury saw or read the article in question or knew anything about it.

IV. Appellant's motion for a new trial was predicated in part upon the alleged misconduct of the witness Stull, who was a brother of the lady who was killed. Briefly stated, it is the contention of the appellant that after Stull had testified and had left the witness stand, court immediately adjourned and the witness was standing in a passageway where the jury passed by him as it left the jury box; that he took a package of cigarettes from his pocket and took a cigarette therefrom, and, it is claimed, held the package in such a way that a juror passing by him reached out and took a cigarette from the package. The court took evidence in regard to the transaction. Stull testified that he was going to get his coat and hat, and took out a package of cigarettes and was taking one for himself, when a man passing by him reached out and took a cigarette from the package. He testified that he did not know that this man was a juror and that no words whatever passed between the parties. The bailiff of the court and other witnesses were produced. The court found that there was no misconduct. In this conclusion we think the court was right. The facts do not bring the case within the class of cases where there is an attempt to improperly influence a jury by gratuities or favors, even though they may not properly be termed bribes. The due administration of justice requires the most punctilious care that no improper influence of any kind shall be brought to bear upon a jury, but in view of the entire record in respect to this transaction, we are convinced that nothing improper was attempted or done and that the appellant could not have suffered any prejudice by the transaction in question.

V. Appellant offered in evidence certain exhibits known in the record as Exhibits 3 and 3A, which appear to be publications of the automobile traffic laws of the city of Des Moines in pamphlet form, including a large number of advertisements and other matters. At the time the offer was made counsel for the appellant declared that the purpose of the offer was to show that the exhibits were in general circulation and had been distributed by the city authorities for the guidance of automobile operators in the city

of Des Moines, and purported to be the traffic laws of the city and state. Objection to the introduction of said exhibits was sustained, and rightly so. The ruling is so obviously correct that discussion is unnecessary.

VI. Complaint is made because of the admission in evidence of the testimony of certain witnesses who testified relative to the speed of the appellant's automobile at the time of the injury. We have examined the record, and in each instance it appears that the witness was properly qualified from experience and observation to express an opinion as to the speed of the car at the time in question. See State v. Thomlinson, 209 Iowa 555.

VII. Appellant contends that the court erred in failing to direct a verdict of not guilty at the close of all the testimony. The record presented essentially a fact case for the determination of the jury. The court could not hold that the appellant was not guilty under the record, as a matter of law. Clearly the state made a case for the jury and the court did not err in overruling the appellant's motion for a directed verdict.

We have considered each of the errors relied upon for reversal, and we fail to find in the record any ground upon which we should interfere with the judgment.—Affirmed.

STEVENS, C. J., and EVANS, DE GRAFF, ALBERT, KINDIG, and WAGNER, JJ., concur.