CLARENCE DEEMY, Petitioner, v. DISTRICT COURT OF DALLAS COUNTY et al., Respondents.

No. 41430.

FEBRUARY 14, 1933.

E. S. Thayer, for petitioner.

George H. Sackett, County Attorney, for respondents.

ANDERSON, J.—It appears from the return of the writ, issued by this court, that on the 20th day of January, 1931, the County Attorney of Dallas County filed in the office of the clerk of the

district court in said county a county attorney's information in the following language:

"Comes now Geo. H. Sackett, as County Attorney of Dallas County, State of Iowa, and in the name and by the authority of the State of Iowa, accuses Clarence Deemy of the crime of robbery with aggravation and charges that the said Clarence Deemy in the County and State aforesaid, did on or about the 8th day of January, 1931, aid and abet John Campbell and Raymond Ruhs in robbing Ed Jordan. That at the time of said robbery the said John Campbell was armed with a loaded revolver with the intent, if resisted, to kill or maim the said Ed Jordan. George H. Sackett, County Attorney of Dallas County, Iowa."

The said information was properly sworn to by the county attorney, and bore the approval of Frank Bechly, as judge of the said district court. To such information the defendant named therein (the petitioner herein) signed a written plea of guilty, which was endorsed upon the back of said information and was as follows:

"I, Clarence Deemy, the defendant named in the within and foregoing county attorney's information, being fully advised as to the charge therein made, do hereby waive appointment of an attorney in my behalf, waive any and all irregularities in the manner of submitting the evidence of the witnesses with the county attorney's information, do hereby plead guilty to the charge set forth in said information and ask that I be taken before the court at the earliest possible time and that sentence be pronounced at once, hereby waiving my statutory rights in that regard. Dated this 20th day of January, 1931. Clarence O. Deemy, Defendant."

There was also endorsed upon the back of said information the following statement signed by the county attorney:

"Evidence. On the 8th day of January, 1931, Clarence Deemy, in company with John Campbell and Raymond Ruhs, drove to Perry and went to a place on third street, a short distance from the Jordan Oil Station, with the intention of robbing the attendant of said oil station. That Clarence Deemy was the driver of the car and he stayed in the car with the engine running so that they could make a quick getaway after the robbery. John Campbell and Raymond Ruhs left the car, went to the Jordan Oil Station and robbed the

attendant, Ed Jordan, of considerable money. Deemy does not know the exact amount that they obtained but states that he received $20.00 as his share. Ed Jordan, the attendant, states that the boys got about $135.00 to $145.00. One of the boys, John Campbell, had a loaded revolver which he pushed against the ribs of Jordan during the robbery. Clarence Deemy, John Campbell and Raymond Ruhs have each admitted their part in this robbery. Ed Jordan can identify the man who had the gun. The boys have admitted that they burned the checks which they obtained in said robbery. Immediately after the robbery Campbell and Ruhs returned to the car and Deemy drove away.

Sheriff C. A. Knee and Deputy Sheriff L. C. Chase were present and heard the confession by the defendant, Clarence Deemy. Geo. H. Sackett, County Attorney of Dallas County, Iowa."

On the same day, the defendant was arraigned before the Honorable Frank Bechly, Judge, and the court pronounced the following judgment:

"Judgment. In the District Court of Iowa, in and for Dallas County, 20th day of January, 1931. The State of Iowa against Clarence Deemy, Defendant. No. 2599 Crim. On this day this cause come on to be heard, the State of Iowa appearing by George H. Sackett, County Attorney, and the Defendant appearing in person and enters a written plea of Guilty to the Crime of Robbery with Aggravation as charged in the Indictment by information of County Attorney; waives time allowed by law for pronouncing judgment and asks that judgment be now pronounced.

"Thereupon the cause came on for judgment, and the defendant being asked by the Court if he had any legal cause to show why judgment should not be pronounced against him and no such cause being alleged or appearing to the Court, and the Court being fully advised in the premises, doth sentence the defendant, Clarence Deemy, to be imprisoned in the Iowa State Reformatory at Anamosa, Iowa, for a period of twenty-five years at hard labor.

"It Is Therefore Considered, Ordered, and Adjudged, by the Court that the defendant, Clarence Deemy, be imprisoned in the Iowa State Reformatory at Anamosa, Iowa, for the period of twenty-five years at hard labor and that he pay the costs hereof taxed at $19.00 and that a special writ and execution issue accordingly. To

all of which the defendant excepts. The defendant's bond on appeal is fixed at $5,000.00.

"Signed at the end of the day's proceedings.

"[Signed]   Frank Bechly, Judge."

We assume from statements contained in petitioner's brief and argument that mittimus was issued on said judgment, and the peti· tioner was delivered to, and is now in the custody of, the warden at the reformatory at Anamosa.

The petition for the writ issued in this case contains a recita- tion of the foregoing facts and alleges that the respondent, Hon. Frank Bechly, Judge, exceeded his proper jurisdiction, and other- wise acted illegally in pronouncing said judgment, and in ordering the imprisonment of the said petitioner, Clarence Deemy, for a period of more than ten years, and asks that the respondent be di- rected to reduce the term of imprisonment pronounced against the petitioner herein to an indeterminate period not exceeding ten years, or that such correction be made in this court. We have not been favored with any brief or argument on the part of the respondent in this court.

It is the contention of the petitioner that he pleaded guilty to a charge of robbery, without reference to any of the circumstances of aggravation described in Code Section 13039, and that the record conferred jurisdiction upon the court to pronounce sentence only under Code Section 13040, and in support of such contention the petitioner alleges that the information filed in the lower court did not charge the offense defined in said Section 13039 as robbery with aggravation; that his plea of guilty was to the offense of rob- bery, without reference to either the presence or absence of circum-. stances of aggravation; that the record does not, in any manner, establish that circumstances in aggravation were present in the com- mission of the offense to which the petitioner pleaded guilty.

The petitioner concedes that the sentence may be enforced to the extent of which the court had authority and jurisdiction, viz., ten years.

The 1931 Code provides as follows:

Section 13038. "Definition—punishment. If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is

guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in Sections 13039 and 13040."

Section 13039. "Robbery with aggravation. If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years."

Section 13040. "Robbery without aggravation. If such offender, commits the robbery otherwise than is mentioned in Section 13039, he shall be imprisoned in the penitentiary not exceeding ten years."

Section 12895. "The distinction between an accessory before the fact and a principal is abrogated, and all persons concerned in the commission of a public offense, whether they directly commit the act constituting the offense, or aid or abet its commission, though not present, must hereafter be indicted, tried, and punished as principals."

Chapter 634 of the 1931 Code provides that criminal offenses may be prosecuted either on an indictment or on information filed by the county attorney, and that when by information, the information shall be drawn and construed as indictments are required to be drawn and construed; and Chapter 638 of the 1931 Code, providing for the so-called short form of indictment, also provides (Section 13738-b5) that the provisions of said chapter shall apply not only to indictments, but also to trial informations.

Chapter 638 provides:

Section 13732-c2. "The indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways: 1. By using the name given to the offense by statute. 2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged. * * *"

Section 13732-c3. "No indictment which charges the offense in accordance with the provisions of section 13732-c2 shall be held to be insufficient on the ground that it fails to inform the defendant of the particulars of the offense."

Section 13732-c4. "When an indictment charges an offense in accordance with the provisions of section 13732-c2, but such indictment together with the minutes of the evidence filed therewith fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the Constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the county attorney to furnish a bill of particulars containing such information as may be necessary for these purposes, or the county attorney may of his own motion furnish such bill of particulars."

It will be noticed under the quoted sections of the Code that an "indictment is sufficient if the offense is stated either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, so that it is sufficient to give the court and the accused notice of what offense is intended to be charged." State v. Harness, 214 Iowa 160.

It may be conceded that this court has authority to correct the judgment of the lower court so that it will be in conformity to the statute, and within the jurisdiction of the lower court. However, we do not think the record here calls for or entitles the petitioner to any such order.

Our statute provides that all persons concerned in the commission of a public offense, either directly or by aiding or abetting its commission, must be indicted, tried, and punished as principals. The indictment in this case charges that the defendant aided and abetted two others in the commission of the crime of robbery, and that, at the time, one of the others was armed with a loaded revolver, with the intent, if resisted, to kill or maim the person robbed. The "evidence" or statement of the county attorney, endorsed upon the indictment, shows in detail the manner of the commission of the crime, and we think that the indictment, in connection with the attached "evidence" or statement, was ample to fully apprise the defendant of the degree of the offense charged, and that the offense charged and to which the defendant entered his plea of guilty was robbery with aggravation, as defined by Section 13039 of the 1931 Code. See State v. Long, 215 Iowa 494, as bearing somewhat on the question here determined.

The indictment and the "evidence" therewith, which is in the

nature of a bill of particulars, shows that three men set out upon an undertaking to commit a robbery; that at least one of the three was armed with a loaded revolver; that the robbery was committed, all three taking part therein. It was not necessary that all be armed, to constitute the crime of "robbery with aggravation." They were all principals, and the act and conduct of one was the act and conduct of all, and the circumstances of aggravation, as shown by the conduct of one of the three, John Campbell, are chargeable to all. In other words, the three being present, all personally acted under the alleged aggravating circumstances, and were all equally guilty.

It follows that the lower court, the respondent herein, did not exceed his jurisdiction in pronouncing a sentence of twenty-five years' imprisonment, under Section 13039 of the Code. The writ is therefore—Annulled.

KINDIG, C. J., and STEVENS, MITCHELL, KINTZINGER, and DONEGAN, JJ., concur.