PETITION OF HAROLD EBELING.
No. 10705.
Decided November 14, 1963.
387 P.2d 302.

PER CURIAM.

Original proceeding. This is a hand-written petition filed by an inmate of the Montana State Prison, appearing pro se, and entitled a petition for writ of error coram nobis, or other appropriate relief. In effect, as we understand it, petitioner moves to withdraw his guilty plea and for the entry of a plea

of not guilty, and for the appointment of counsel to represent him.

Petitioner was charged by information on three counts of burglary in the first degree and states that he appeared before the district court on or about December 26, 1962, and was asked by the district judge if he desired legal counsel to represent him in court and petitioner informed the judge that he did not want any legal counsel because he was going to plead guilty and the court then postponed sentencing for one week. That on January 2, 1963, he appeared for sentencing and the district judge asked him if there was anything that he had to say before sentence was passed and he replied "No." He was then sentenced to a term of ten years in the state prison.

He states that later he filed a petition for writ of error coram nobis with the district court, which was denied on November 6, 1963.

Petitioner states that an illegal search was made of his hotel room and automobile; that duress, threats and coercion were used to secure from him a confession to the burglaries with which he was charged, one being that his girl friend would be arrested as an accomplice and he did not want that to happen; that the deputy county attorney informed him that if he plead guilty he would see that he got a relatively light sentence. Significantly, however, he states that two days before he was to enter his plea the deputy county attorney advised him he would probably get ten years. It appears therefore at the time he refused counsel before the district court that he had been made aware that entry of a guilty plea would probably bring a sentence of ten years, as it did.

From his own statement of facts in this cause the district court offered to make counsel available to him and he declined such services and voluntarily entered his plea with knowledge that he would probably get ten years. While petitioner makes much of the contended illegal search, these mat-

ters were known to him before he made any confession since he was present and knew what was being done. His plea of guilty waives the necessity of proof on the part of the state and we fail to see where any cause exists for the issuance of any writ herein.

The application for a writ is therefore denied and the proceeding ordered dismissed.