165 So.2d 774 (1964)
Jimmie Gartrail KIRKLAND, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-896.
District Court of Appeal of Florida. Third District.
June 30, 1964.
Henry W. Clar, Miami, for appellant.
James W. Kynes, Jr., Atty. Gen., and Victor V. Andreevsky, Asst. Atty. Gen., for appellee.
*775 Before BARKDULL, C.J., and CARROLL and HENDRY, JJ.
PER CURIAM.
In May of 1963 the petitioner was prosecuted in Dade County under two informations charging him with robbery. At arraignment, where he was represented by an assistant public defender, he pleaded not guilty and waived jury trial in each case. Thereafter, while so represented by the public defender he withdrew the pleas of not guilty and pleaded guilty in the two cases. Adjudications of guilt and concurrent 2 year sentences followed. Approximately six months later he petitioned the trial court for relief under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. The trial judge summarily dismissed his petition. His appeal to this court presents the question of whether the petition set forth grounds entitling petitioner to a formal hearing in the trial court. On examination of the record and after oral argument, we conclude that the trial judge was eminently correct, and we affirm his order of dismissal.
The petition recited a number of contentions which were patently insufficient. Among them, and deserving of comment, are the contentions that he was not properly represented by the public defender, and that the petitioner had his property seized against his will and without a search warrant. As to the first of those contentions it is argued by the state, and we agree, that the claim of the petitioner that his attorney did not properly represent him, because he did not interview him or investigate the facts within petitioner's knowledge, is lacking in force when it is observed from the record that the appointed attorney was present and representing the defendant on the occasions when he was arraigned, later when he withdrew his pleas of not guilty and at the trial where he was sentenced. Such conclusions unsupported by facts will not suffice. Wilder v. State, Fla.App. 1963, 156 So.2d 395; Webster v. State, Fla.App. 1963, 156 So.2d 890; Simpson v. State, Fla.App. 1964, 164 So.2d 224.
The petitioner's contention respecting seizure of his property without a search warrant lacks importance here, as proof of guilt was not required because of his guilty pleas. Moreover, as pointed out by the state, matters of admissibility of evidence are more properly a basis for review on appeal. Austin v. State, Fla.App. 1964, 160 So.2d 730, 732.
Affirmed.