HAWKINS, Plaintiff in error, v. STATE, Defendant in error.*

*January 8—February 2, 1965.*

---

* Motion for rehearing denied, without costs, on March 30, 1965.

444

For the plaintiff in error there was a brief by *Charne & Tehan* and *William E. McCarty,* all of Milwaukee, and oral argument by *Mr. McCarty.*

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, and *Hugh O'Connell,* district attorney of Milwaukee county.

FAIRCHILD, J.  Hawkins was arrested at his home in Milwaukee on November 3, 1962, at 3 a. m.  A search of the premises produced quantities of marijuana and heroin and various items of narcotics paraphernalia.  In answer to questions by the police officers Hawkins admitted that the items found were his.  Similar admissions were later made at the police station.

Hawkins was represented by counsel at the preliminary hearing and the arraignment.  He entered pleas of not guilty to each count.  His counsel moved to suppress the evidence seized.  After a hearing the circuit court denied the motion stating the opinion that the search was incident to an arrest under warrants then in existence and was legal.

On the date set for trial, and after the impaneling of a jury, Hawkins' counsel moved for permission to withdraw the pleas of not guilty and substitute therefor pleas of guilty. The court questioned Hawkins so as to determine that he

personally desired to change his pleas, informed him of the possible penalties, and then granted the motion.

This particular circuit court follows a practice, upon a plea of guilty, of taking testimony sufficient to make out a *prima facie* case. One of the detectives who had conducted the search testified. Hawkins then took the stand, apparently for the purpose of presenting facts in mitigation of penalty, but in the course of his testimony stated his pleas were voluntary and admitted a number of material facts. Conviction followed.

By affidavit accompanying the application for permission to withdraw his pleas of guilty, Hawkins alleged that he believed all the evidence obtained in the search had been seized in violation of his constitutional rights; that he would not have pleaded guilty had the motion to suppress been granted; that upon denial of the motion to suppress, his counsel advised pleas of guilty in the hope that a lighter sentence would be imposed; that this was the only reason he pleaded guilty; that he never intended to waive any of his constitutional rights by pleading guilty.

Counsel for Hawkins argues that the arrest was invalid, the search unreasonable, and that his admissions were the fruit of an illegal search. The state vigorously defends the legality of the arrest and the propriety of the search as incidental thereto. The officers had a warrant for the arrest of Hawkins' wife; they testified that they recognized Hawkins as a person named in other outstanding warrants. They arrested him within the home where they had gone to arrest his wife, and their search followed the arrest. Counsel for Hawkins relies upon various additional facts in attacking the validity of the arrest and search.

But without deciding the controversy over the validity of the search, we conclude that Hawkins, by his plea of guilty, waived his right to litigate that question. Upon his original

pleas of not guilty, he had the right to a trial. If convicted by the use of evidence he had moved to suppress, he could have obtained a review by this court of the denial of his motion to suppress. By changing his pleas to guilty, he deliberately rejected that course. He had the advice of counsel who was aware of the problem, having represented Hawkins on the motion to suppress. Hawkins' own statements before the circuit court made it clear that the choice was deliberate and that he was aware of the full range of penalties to which he was exposed. He felt, perhaps mistakenly, that pleas of guilty would be advantageous to him by persuading the court to impose a lighter sentence than would have followed a trial. Although he has raised questions as to the validity of the search which can be said to be arguable, invalidity does not clearly appear. We find nothing in the circumstances which would entitle him, as a matter of right, to be relieved of the consequences of his choice, or which would make it an abuse of discretion not to have done so.

The problem presented by this case is not novel. In *Bartozek v. State* [1] decided in 1925, the defendant had applied for permission to withdraw his plea of guilty on the basis that he had been illegally arrested and that evidence had been obtained by an illegal search and seizure. The trial court denied permission. This court affirmed, stating:

"We may grant that the arrest was unlawful and that the police officer who made the same would be responsible in a civil action for false imprisonment. We may also concede that the liquor thus obtained could not have been received in evidence against the defendant. But these concessions neither discredit nor impeach the action of the court in sentencing the defendant upon his plea of guilty. The defendant had a right to waive his preliminary examination and to plead guilty upon arraignment even though the State did not have in its possession evidence upon which he could have been convicted upon a trial."

[1] (1925), 186 Wis. 644, 646, 203 N. W. 374.

It appears to be the general rule, that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea.[2] As the plea itself provides the basis for conviction no evidence need be introduced,[3] and the right to a trial free of evidence illegally obtained is forfeited.[4]

Hawkins states that he would not have pleaded guilty but for the evidence in the possession of the police and the denial of his motion to suppress. Because of the causal connection between the alleged violation of his constitutional rights and his pleas, he contends that the principles just stated are not controlling and that the alleged illegality of the search should vitiate the plea.

In several cases, courts have suggested the plausibility of such a theory. Thus the court of appeals of Maryland has declined to decide whether a plea was a waiver under such circumstances until there had been a determination that the search was in fact unlawful.[5] The United States district court of the northern district of Illinois applied the waiver rule, but criticized it where the plea of guilty was influenced

---

[2] *Mahler v. United States* (10th Cir. 1964), 333 Fed. (2d) 472; *Thomas v. United States* (9th Cir. 1961), 290 Fed. (2d) 696, certiorari denied 368 U. S. 964, 82 Sup. Ct. 446, 7 L. Ed. (2d) 401; *Rivett v. State* (Alaska, 1964), 395 Pac. (2d) 264, 267; *People v. DeWeese* (1963), 27 Ill. (2d) 332, 189 N. E. (2d) 247; *State v. Murphy* (Ariz. 1964), 396 Pac. (2d) 250.

[3] *Sorenson v. State* (1922), 178 Wis. 197, 201, 188 N. W. 622.

[4] See *Dexter v. Crouse* (1963), 192 Kan. 151, 386 Pac. (2d) 263; *People v. Scott* (1963), 29 Ill. (2d) 429, 194 N. E. (2d) 197; *Kirkland v. State* (D. C. Fla. 1964), 165 So. (2d) 774; *People v. Gannaro* (1963), 216 Cal. App. (2d) 25, 30 Cal. Rptr. 711, 714; *Petition of Ebeling* (1963), 143 Mont. 298, 387 Pac. (2d) 302; *Poe v. Maxwell* (1964), 177 Ohio St. 28, 201 N. E. (2d) 703.

[5] *Gans v. Warden of Maryland Penitentiary* (1964), 233 Md. 626, 196 Atl. (2d) 632; *Thomas v. Warden of Maryland Penitentiary* (1964), 235 Md. 636, 201 Atl. (2d) 495, explained in *Ogle v. Warden of Maryland Penitentiary* (Md. 1964), 204 Atl. (2d) 179.

by police possession of evidence illegally obtained.[6] The supreme court of the United States has stated that a plea of guilty may have been the result of a coerced confession, but pointed out that defendant did not have counsel.[7] This decision has been cited in support of the proposition that a plea of guilty does not necessarily eradicate the effect of prior invasions of a defendant's constitutional rights.[8]

We are of the opinion, however, that a plea of guilty is properly deemed a waiver of the claim of unlawful search and seizure, where, as here, the pleas were voluntarily and understandingly entered by one who had assistance of counsel.[9] The circumstances under which the same would be true if assistance of counsel had been waived need not be delineated here. Perhaps, in practice, the question would be decided in determining whether there has been intelligent waiver. Conceding that Hawkins, who had assistance of counsel, was influenced in his decision to plead guilty by his awareness of the incriminating evidence in the hands of the police and the fact that his motion to suppress had been denied, it does not seem unfair to require that if he wanted to litigate further his

---

[6] *United States v. Pate* (D. C. Ill. 1963), 222 Fed. Supp. 998, affirmed 332 Fed. (2d) 531.

[7] *Herman v. Claudy* (1956), 350 U. S. 116, 122, 76 Sup. Ct. 223, 100 L. Ed. 126; see also *Townsend v. Burke* (1948), 334 U. S. 736, 738, 68 Sup. Ct. 1252, 92 L. Ed. 1690.

[8] *United States v. La Vallee* (2d Cir. 1963), 318 Fed. (2d) 499; *Shelton v. United States* (7th Cir. 1961), 292 Fed. (2d) 346, certiorari denied 369 U. S. 877, 82 Sup. Ct. 1149, 8 L. Ed. (2d) 280; *Wright v. Dickson* (9th Cir. 1964), 336 Fed. (2d) 878; *People v. Wilson* (1963), 29 Ill. (2d) 82, 193 N. E. (2d) 449, certiorari denied 377 U. S. 955, 84 Sup. Ct. 1634, 12 L. Ed. (2d) 499.

[9] *Pulaski v. State* (1964), 23 Wis. (2d) 138, 145, 146, 126 N. W. (2d) 625; *Gawantka v. United States* (3d Cir. 1964), 327 Fed. (2d) 129, certiorari denied 377 U. S. 969, 84 Sup. Ct. 1650, 12 L. Ed. (2d) 738; *Suarez v. United States* (1st Cir. 1964), 328 Fed. (2d) 473; *Lewis v. United States* (D. C. N. Y. 1964), 228 Fed. Supp. 958.

claim of unlawful search, he should have continued with his pleas of not guilty.[10]

In a somewhat analogous situation, where the supreme court of the United States denied a defendant's contention that his second confession was the "fruit" of an earlier confession obtained during a period of illegal detention, the court said:[11]

"Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first. But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed."[12]

Hawkins does not claim any infirmity in the judgment if the pleas are permitted to stand.

*By the Court.*—Judgment and order affirmed.

[10] See *Burns v. United States* (5th Cir. 1963), 323 Fed. (2d) 269, certiorari denied 376 U. S. 907, 84 Sup. Ct. 660, 11 L. Ed. (2d) 606; *People v. Nicholson* (1962), 11 N. Y. (2d) 1067, 184 N. E. (2d) 190, 230 N. Y. Supp. (2d) 220, certiorari denied 371 U. S. 929, 83 Sup. Ct. 300, 9 L. Ed. (2d) 237.

[11] *United States v. Bayer* (1947), 331 U. S. 532, 67 Sup. Ct. 1394, 91 L. Ed. 1654.

[12] Id. pages 540, 541.