CARTER, Plaintiff in error, v. STATE, Defendant in error.*

*April 2—April 27, 1965.*

* Motion for rehearing denied, without costs, on September 7, 1965.

For the plaintiff in error there was a brief and oral argument by *Ben L. Chernov* of Milwaukee.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, *William A. Platz,* assistant attorney general, and *Hugh R. O'Connell,* district attorney of Milwaukee county.

HALLOWS, J.   The issue presented is whether an unarmed getaway-car driver or lookout is guilty of armed robbery when his confederates or accomplices commit a robbery

while armed with a dangerous weapon. The defendant argues that although a plea of guilty is in effect a judgment by confession, when the evidence taken upon such plea shows without question the defendant is guilty only of a lesser offense than is charged in the complaint, a judgment of conviction of the more-serious offense cannot be sustained.

Armed robbery is a separate crime from robbery, being robbery committed with a dangerous weapon and carries a maximum penalty of thirty years instead of ten years as for robbery. Sec. 943.32, Stats. No claim is made that defendant was not an accomplice of Freeman and Johnson who entered the tavern with guns and relieved the proprietor of $2,614. No claim is made the defendant did not know Freeman and Johnson were armed and intended to hold up the tavern. Thus we are not concerned with whether the actions of the defendant may be sustained on the complicity theory or the conspiracy theory discussed in *State v. Nutley* (1964), 24 Wis. (2d) 527, 129 N. W. (2d) 155. Although he did not directly take the money from the owner by force with a dangerous weapon, there was no question the defendant was "concerned in the commission of a crime" because he "intentionally aids and abets the commission of it." Sec. 939.05.

The defendant contends the most he is guilty of is robbery, and in respect to armed robbery he played only a supporting and subsidiary role without a gun in that he aided and abetted as an accessory and should have been so charged. But one participating in an armed robbery although he personally has no gun is guilty of armed robbery on the same reasoning one participating in a robbery is guilty of robbery although he personally does not put his hand in the victim's pocket. The distinction between accessories and principals at common law and common-law crimes have been abolished in this state by sec. 939.10, Stats. 4 Wharton's, Anderson, Criminal Law and Procedure (1957), pages 610–613, secs. 1789–1791. One who would have been an accessory or an accomplice or a *particeps criminis* before or after the fact at common law may

now be directly charged with the commission of an offense as principal if he meets the "concerned in the commission of the crime" test of sec. 939.05 which provides in sub. (2) (b) one is concerned in the commission of a crime when he "intentionally aids and abets the commission of it."

This rule has been well settled for many years in Wisconsin. In *Fifer v. State* (1926), 189 Wis. 50, 206 N. W. 861, the defendant was convicted of armed robbery. Fifer's participation consisted of acting as a lookout at a nearby intersection while his two accomplices entered and robbed the store. Like a drama on the stage, each party was engaged in the general scheme of the crime by performing his allotted part in the plot; but unlike a drama, all the actors, those who played the principal roles and those in the supporting roles, were guilty under the law as principals. Similarly in *State v. Kuick* (1948), 252 Wis. 595, 32 N. W. (2d) 344, this court upheld a conviction of an eighteen-year-old girl for armed robbery who accompanied two men on foot and stood as a lookout across the street from a filling station while they held it up. The rule was applied in the crime of murder in *State v. Henger* (1936), 220 Wis. 410, 264 N. W. 922, where in the course of an armed robbery a filling-station attendant was killed. The charge of murder was sustained against the defendant although the evidence showed he entered a conspiracy to commit an armed robbery but not to fire the gun and to serve as the driver of the getaway car. Although the defendant stayed in the automobile, did not wield a revolver, or actively participate in the fight which resulted in the death, his guilt was no less in degree than he who shot the filling-station attendant. See also *Ronzani v. State* (1964), 24 Wis. (2d) 512, 129 N. W. (2d) 143; *Pollack v. State* (1934), 215 Wis. 200, 253 N. W. 560, 254 N. W. 471; *In re Carlson* (1922), 176 Wis. 538, 186 N. W. 722.

In jurisdictions where a distinction is made between the crime of robbery and of armed robbery as in Wisconsin, it is also the rule that an unarmed participant in a robbery by an

armed associate is guilty of armed robbery. 46 Am. Jur., Robbery, p. 150, sec. 25; 77 C. J. S., Robbery, p. 470, sec. 32; *People v. Silva* (1956), 143 Cal. App. (2d) 162, 300 Pac. (2d) 25; *Deemy v. District Court of Dallas County* (1933), 215 Iowa 690, 246 N. W. 833. The facts of the latter case are almost identical with the case at bar.

We find no error in convicting the defendant for armed robbery on his plea of guilty.

*By the Court.*—Judgment affirmed.

*On motion for rehearing:*

For the plaintiff in error there was a brief on rehearing by *Oliver S. Carter, pro se.*

No brief on rehearing for the defendant in error.

The following memorandum was filed September 7, 1965.

PER CURIAM (*on motion for rehearing*). Defendant Carter has filed a brief without the benefit of counsel in support of his motion for rehearing after his court-appointed attorney who prosecuted defendant's writ of error had withdrawn as counsel. This brief does not attack our prior opinion which passed on the only issue raised in defendant's original brief. Instead these three new issues are raised:

(1) Secs. 954.01 and 954.02, Stats., under which the warrant for defendant's arrest are unconstitutional and void because "contrary to the Constitution of the United States."

(2) This warrant was also invalid because the complaint fails to state sufficient essential facts upon which a warrant of arrest can be issued.

(3) There was such inadequate representation by counsel in the trial court as to amount to a denial of defendant's rights under the Sixth and Fourteenth amendments to the United States constitution.

Ordinarily this court will not consider issues on a motion for rehearing not previously raised on the original appeal or

writ of error. We here depart from this customary practice because of the fact that defendant is an indigent prisoner acting without benefit of counsel.

While we are not convinced that the arrest was invalid, any invalidity of the original arrest has been rendered entirely immaterial by defendant's pleading guilty to the information without raising any issue with respect to the validity of the arrest. *Bartozek v. State.*[1] See also *Hawkins v. State.*[2]

Defendant employed counsel of his own selection to represent him at his original arraignment. Subsequently it developed that defendant was without funds to pay counsel, and the trial court then appointed the same counsel to represent defendant as an indigent. Because this counsel first refused the appointment and then reluctantly accepted it, defendant contends this established a half-hearted defense on the part of counsel. The record simply does not substantiate this contention. The only specific complaint defendant levels against his trial counsel is the latter's failure to raise the issue of claimed illegal arrest. A finding of inadequate representation of counsel cannot be grounded on this because ordinarily counsel gains no advantage for the defendant by invalidating the arrest where the defendant is subject to rearrest on a valid warrant. An exception to this would occur where a search and seizure is grounded upon the arrest and the invalidating of the arrest would invalidate the search and seizure. There is no claim here, however, of any search and seizure incident to the arrest.

The motion for rehearing is denied without costs.

[1] (1925), 186 Wis. 644, 203 N. W. 374.
[2] (1965), 26 Wis. (2d) 443, 132 N. W. (2d) 545.