SCHROEDER, Plaintiff in error, v. STATE, Defendant in error.†

Court of Appeals

*No. 77–386–CR.  Submitted on briefs April 10, 1979.—Decided May 31, 1979.*
(Also reported in 280 N.W.2d 352.)

† Petition to review granted.

For the plaintiff-in-error, the cause was submitted on the briefs of *Mark Lukoff,* first assistant state public defender, with whom on the brief was *Howard B. Eisenberg,* state public defender, and a brief by *Frederick W. Schroeder, pro se.*

For the defendant-in-error the cause was submitted on the briefs of *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

Before Decker, C.J., Cannon, P.J., and Moser, J.

DECKER, C.J. Schroeder contends, with respect to the first issue, that sec. 946.62, Stats.,[1] prohibiting the commission of a crime with concealed identity intended to prevent identification, is a "penalty enhancer" and not a substantive crime. The significance of Schroeder's contention is that that statutory rule of accomplice liability, sec. 939.05, Stats., is applicable to a substantive crime but not a penalty enhancer. *State v. Charbarneau,* 82 Wis.2d 644, 648, 264 N.W.2d 227, 229 (1978). Thus in this case Schroeder contends that he could not be sentenced for concealed identity because his accomplice was "masked."

---

[1] 946.62 **Concealing identity.** Whoever commits a crime while his usual appearance has been concealed, disguished or altered, with intent to make it less likely that he will be identified with the crime, may in addition to the maximum punishment fixed for such crime, in case of conviction for a misdemeanor be imprisoned not to exceed one year in county jail, and in case of conviction for a felony be imprisoned not to exceed 5 years.

We recently discussed this issue in *Vogel v. State,* 87 Wis.2d 541, 558–560, 275 N.W.2d 180 (Ct. App. 1979), and concluded, as we do again, that "concealing identity while committing a crime is a separate crime." *Vogel v. State, supra* at 560.

Recently the supreme court discussed sec. 946.62, Stats., in the context of the double jeopardy clause proscription against multiple punishments for the same offense, *Haldane v. State,* 85 Wis.2d 182, 270 N.W.2d 75 (1978). The charge and conviction in that case was identical to this case although Haldane was a masked gunman. Haldane contended that his conviction was barred by the double jeopardy clause because one offense was divided into three charges—robbery, armed robbery and concealing identity—resulting in multiple punishments.

Noting that the "same evidence" or "additional fact" test was codified in sec. 939.71, Stats.,[2] the court rejected Haldane's contentions as follows:

In the case at bar the defendant was sentenced to an indeterminate term of not more than eighteen years on the armed robbery charge, and a concurrent three year term for concealed identity. Sec. 943.32 provides that anyone convicted of armed robbery may be imprisoned for not more than thirty years; sec. 946.62 provides that any one who commits a crime while his identity is concealed may in addition to the maximum punishment fixed for the crime, be sentenced to an additional five years in the case of a felony. While sec. 946.62 on concealment of identity is a separate statute, its application merely makes it an aggravating factor of the underlying

---

[2] 939.71 **Limitation on the number of convictions.** If an act forms the basis for a crime punishable under more than one statutory provision of this state or under a statutory provision of this state and the laws of another jurisdiction, a conviction or acquittal on the merits under one provision bars a subsequent prosecution under the other provision unless each provision requires proof of a fact for conviction which the other does not require.

crime. In the case at bar, the court submitted three possible verdicts: one was guilty of armed robbery, the second was guilty of armed robbery while identity was concealed and the third form of verdict was not guilty. The court made it very clear in its instructions that in order to find the defendant guilty of armed robbery while identity was concealed, the jury must first find the defendant guilty of armed robbery. It stands in the same relation to robbery as the difference between armed robbery and robbery. Armed robbery is an aggravated form of robbery; armed robbery while identity is concealed is an aggravated form of armed robbery. The legislature could have provided extra punishment for each and every crime in the statutes by adding a concealment of identity subsection to every section of the criminal code. However, the legislature followed the very logical path of making concealment an aggravation of any crime by enacting sec. 946.62. There is no offense to the double jeopardy clause of the constitution in either the statutory structure or the manner in which it was applied in this case.

The defendant's second argument is without merit. It contends that he is being forced to defend against charges of both robbery and armed robbery. This is not true. The charge is under 943.32(1)(b) and (2). Sub. (2) qualifies sub. (1); it is not a separate charge. 85 Wis.2d 182, 196–97, 270 N.W.2d 75, 82 (1978).

In expressly rejecting Haldane's contentions of a double jeopardy violation, the supreme court implicitly rejected the corollary that robbery, armed with identity concealed, was a multiplicitous charge of three offenses.

We read *Haldane* to specify that robbery [sec. 943.32 (1)(b), Stats., (1975)], armed robbery [secs. 943.32(1) (b) and (2), (1975)], and concealing identity while committing a crime [sec. 946.62(1975)] are three different crimes. Although *Haldane* addressed the issue whether a single course of conduct had been fractionated with multiplicitous charges contrary to the double jeopardy clauses, the issue of whether "concealing identity" was a penalty enhancer or separate crime was not presented.

Nonetheless, the issues are logically and integrally interrelated.

*Haldane* descriptively concluded that "[A]rmed robbery while identity is concealed in an aggravated form of armed robbery."[3] In arriving at that conclusion the supreme court expressly rejected the contention that an armed robbery charge constitutes two charges (crimes) "of both robbery and armed robbery" and thus found armed robbery to be a single crime. A contrary finding by the supreme court would have compelled the conclusion that arming oneself with a dangerous weapon was merely a penalty enhancer.

Although the legislative history of sec. 946.62, Stats. (1975) and its predecessors is ambiguous and inconclusive with respect to whether it establishes a separate crime, we view *Haldane's* treatment of "concealing identity" with respect to double jeopardy as dispositive of its character as a separate crime. When *Haldane* applied the "additional fact" or "same evidence" test and concluded that concealing identity was a different *offense* for double jeopardy purposes, and further found armed robbery was but one offense and not two offenses "of both robbery and armed robbery," it rejected the concept that arming oneself with a dangerous weapon to commit robbery and concealing identity were penalty enhancers.

It follows that armed robbery and concealing identity while committing a crime are substantive crimes, that is, crimes which are independent and not interdependent. To convict one for the crime of concealing identity requires combination proof: the elements of some statutory crime *and* its commission with intent to make identification less likely by concealment, disguise or alteration. Neither the combination of a statutory crime with in-

---

[3] 85 Wis.2d 182, 197, 270 N.W.2d 75, 82.

tended concealed identity nor the judicial gloss that intended concealed identity "aggravates the crime" creates an interdependence. As the supreme court noted, legislative efficiency and economy in drafting the statute enabled importing the elements of any crime into the crime of concealing identity.

Our view of *Haldane's* conclusions is consistent with supreme court application of the rule of accomplice liability to the crimes of armed robbery and concealed identity. Accomplice liability pursuant to sec. 939.05 has been laconically described as "[W]hat either did both did." *Curl v. State,* 40 Wis.2d 474, 488, 162 N.W.2d 77, 85 (1968). It has been applied in the armed robbery convictions of unarmed vehicle drivers who aided their armed accomplices, *Roehl v. State,* 77 Wis.2d 398, 407–08, 253 N.W.2d 210, 214 (1977); *Nicholas v. State,* 49 Wis. 2d 683, 692, 183 N.W.2d 11, 16 (1971); *Carter v. State,* 27 Wis.2d 451, 454, 134 N.W.2d 444, 446 (1965), *cert. denied* 383 U.S. 948 (1966), and in the armed robbery and concealed identity convictions where unmasked accomplices either drove a getaway car, acted as lookout or reconnoitered a robbery location preparatory to armed robbery. *West v. State,* 74 Wis.2d 390, 404–05, 246 N.W. 2d 675, 683 (1976); *Stockwell v. State,* 59 Wis.2d 21, 27, 207 N.W.2d 883, 890 (1973); *Jung v. State,* 32 Wis.2d 541, 543, 145 N.W.2d 684, 690 (1967); *Cf. Claybrooks v. State,* 50 Wis.2d 79, 86, 183 N.W.2d 139, 142 (1971). The inability to directly commit the crime does not exempt one from the rule of accomplice liability. *State v. Ewald,* 63 Wis.2d 165, 174, 216 N.W.2d 213, 218 (1974); *Kraut v. State,* 228 Wis. 386, 399, 280 N.W. 327, 333 (1938).

Additionally, Wis J I—Criminal 1480 and 1805, relating to the crimes of armed robbery and concealing iden-

tity, respectively, are formulated for submission as separate crimes. The armed robbery instruction includes within that crime the need to establish the elements of robbery. Similarly, the concealing identity instruction includes within that crime the need to establish the proof of the additionally charged crime. The comment to the latter instruction advises: "Concealing identity is a separate offense and upon conviction the defendant may receive a consecutive or concurrent sentence just as upon conviction for any other crime. It should be stated as a separate count from the principal crime charged."[4] That advice prompts reference to an observation of the supreme court in a similar context: "[I]t seems perfectly obvious the jury instructions committee would not have proposed the . . . instruction unless the four former members of the Criminal Code Advisory Committee agreed that the instruction properly construed the purpose of the Criminal Code Advisory Committee and of the draftsmen."[5] We reaffirm our holding in *Vogel v. State, supra,* that "concealing identity" proscribed by sec. 946.62, Stats., is a substantive crime subject to the rule of accomplice liability in sec. 939.05.

Schroeder in a *pro se* supplemental brief contends that his conviction was barred by the double jeopardy clauses of the United States and Wisconsin Constitutions.[6]

During the cross-examination of the first witness at the first trial, and in the presence of the jury, the trial judge characterized the cross-examination by defense counsel as "trickery." The judge's comment was made in the context of counsel's attempt to cross-examine the robbery victim about his pretrial photo identification of the defendant to a police officer. Apparently counsel was

---

[4] Wis J I—Criminal 1805.

[5] *State v. Genova,* 77 Wis.2d 141, 150, 252 N.W.2d 380, 385 (1977).

[6] U. S. Const. amend. V; Wis. Const. art. I, §8.

about to inquire of the witness concerning photos that had not been exhibited to the witness in the pretrial identification. The trial judge apparently realized the impropriety of his comment and excused the jury immediately before the witness could answer another question. After acknowledging that the word "trickery" should not have been used and conceding that the record was "muddled," the trial court granted defense counsel's motion for a mistrial.

Subsequently, Schroeder was retried and convicted as indicated above. Ordinarily a motion for a mistrial by the defendant waives the right to completion and the trial and the double jeopardy clauses do not bar reprosecution.[7] When prosecutorial or judicial overreaching prompts the mistrial, an exception to the general rule is applicable if the overreaching is "egregious" as distinguished from "mere" error.[8]

Conduct that is intended to prompt a mistrial request by the defendant or is intended to harass or prejudice the defendant characterizes judicial overreaching. The kinds of judicial misconduct which lead to defendant's mistrial request and bars reproduction are seeded in a state of mind of the judge which intends to frustrate the defendant's valued right to but one trial and the avoidance of the delay, expense, anxiety, embarrassment and order of retrial. Allowing mere error, prosecutorial or judicial to bar retrial "would fail to adequately take into account the public interest in prosecuting and punishing individuals guilty of crime."[9]

We have held that the burden is on the defendant to establish that the judicial conduct is "intended to pro-

---

[7] *United States v. Dinitz*, 424 U.S.600, 607 (1976); *United States v. Jorn*, 400 U.S. 470, 485 (1971).

[8] *State v. Harrell*, 85 Wis.2d 331, 335, 270 N.W.2d 428, 431 (Ct. App. 1978).

[9] *Id.*

voke," "motivated by bad faith" and "undertaken to harass or prejudice" the defendant.[10] Our review of the record establishes that Schroeder cannot and has not done so. There is no evidence of any prosecutorial misconduct in the record.

*By the Court.*—Judgment and order affirmed.