STATE of Iowa, Appellee.

v.

Danial Alan DORR, Appellant.

No. 54409.

Supreme Court of Iowa.

March 11, 1971.

C. A. Frerichs, Waterloo, for appellant.

Richard Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant was arrested on an informant's tip. A search of his car turned up a quantity of contraband drugs, leading to the criminal charge which is now the subject of this appeal. The State accuses him of having violated section 3(1), chapter 189, Acts of the 62nd General Assembly, which is now section 204A.3, The Code, 1971. Defendant claimed the arrest and subsequent search were illegal. His motion to suppress the evidence seized by the arresting officers was overruled. He thereafter entered a plea of guilty, which included the following qualification:

"Defendant does not thereby waive any error committed by the trial court in its ruling on defendant's motion to suppress certain evidence which was the product of a search without a warrant for the arrest of defendant or a search of the automobile in which defendant was riding. The entry of the pleas of guilty at this time is predicated on the fact that the evidence assailed by the defendant's motion to suppress would be introduced in the trial of the cause to which he has entered these pleas. By the entry of the pleas the defendant does not waive any of his constitutional rights which might have been violated by the court's failure to suppress the assailed evidence. The defendant intends to appeal the trial court's ruling on his motion to suppress and if successful would withdraw the pleas of guilty this date entered. These pleas are entered with the full knowledge of the Black Hawk County attorney's office and the trial court that defendant is not thereby waiving any of his constitutional rights in regard to his motion to suppress or the rulings thereon."

Before imposition of sentence, defendant's request that he be permitted to withdraw his guilty plea was denied, and he was sentenced to a term in the Men's Reformatory at Anamosa.

As defendant's "guilty" plea had forewarned, he now urges on us the claim that he was subjected to an illegal search and seizure at the time of his arrest and that it was error to overrule his motion to suppress the evidence thereby obtained. He also raises the constitutionality of the statute under which he was charged and further asserts the trial court abused its discretion in refusing his request for permission to withdraw his plea. We do not reach any of the errors assigned because we hold there was no valid guilty plea upon which judgment could be rendered.

Under section 777.11, The Code, our law recognizes only three pleas to a criminal charge: guilty, not guilty, or former judgment of conviction or acquittal of the de-

fense charged. Section 777.12 provides a guilty plea on a felony charge—which this is under section 204A.10—shall be in substantially the following form: "The defendant pleads that he is guilty of the offense charged in the indictment." Clearly the plea entered in this case does not conform to this standard. Defendant's counsel admits as much but suggests we should approve it because it would save the time, expense, and inconvenience of a long trial. Defendant points out he has no hope of acquittal if the contested evidence is admissible. On the other hand, if it is suppressed, he says the State has no case. The trouble is, however, our law does not permit such a plea.

We have repeatedly held a guilty plea is not only a confession of guilt but is, itself, a conviction of the highest order. Such a plea waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself, 22 C.J.S. Criminal Law § 424(6), page 1198; 21 Am.Jur., Criminal Law, section 495, page 483; State v. Kulish, 1967, 260 Iowa 138, 143, 148 N.W.2d 428, 432; State v. Rife, 1967, 260 Iowa 598, 602, 149 N.W.2d 846, 848; State v. Ellenburg, 1967, 260 Iowa 1224, 149 N.W.2d 122, certiorari denied, 390 U.S. 997, 88 S.Ct. 1201, 20 L.Ed. 2d 96; State v. Delano, 1968, 161 N.W.2d 66, 72–73; State v. Jackson, 1970, 173 N.W. 2d 567, 570, certiorari denied, 399 U.S. 931, 91 S.Ct. 2262, 26 L.Ed.2d 800. See also Anno., 20 A.L.R.3d 724–747.

Other courts have also held a guilty plea must be unconditional to be valid. Hawkins v. State, 26 Wis.2d 443, 132 N.W.2d 545, 548–549; Reed v. Henderson, 1967, 6 Cir., 385 F.2d 995, 996; Roberts v. Warden, 221 Md. 576, 155 A.2d 891, 893, certiorari denied, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed. 2d 871. See also discussion in McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

On the record before us, we must hold there was no valid plea entered by defendant. Section 789.2, The Code, provides as follows:

"Upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction must be rendered, the court must fix a time for pronouncing judgment. * * * "

Section 789.11 provides for the imposition of sentence. As used here, "plea of guilty" means such a plea as is provided for in section 777.11.

It is obvious from these statutory provisions that judgment of conviction in a criminal case may be rendered only if there *is* a conviction, either by jury verdict or by a plea of guilty. See State v. Bastedo, 253 Iowa 103, 107, 111 N.W.2d 255, 257, and State v. Delano (Iowa), 161 N.W.2d 66, 72. While not factually in point, these cases support the general rule that there must be a valid plea of guilty before judgment can be rendered.

Although what we have already said is dispositive of the case, we feel it appropriate to comment on the ingenious and appealing plan devised by defendant's counsel, concurred in by the county attorney, and approved by the trial court. On the surface, at least, it appears to be both swift and efficient. Perhaps, as counsel claims, it would relieve trial court congestion by eliminating long trials; but in doing so it would create numerous appellate problems and endless confusion. Defendant really seeks an unauthorized interlocutory appeal. If he can circumvent our rules by this method, we would verily be called upon to decide countless procedural and evidentiary questions on such "conditional" pleas. Defendant's rights are now fully protected if his pre-trial motion is improperly overruled. He may go to trial, saving this grievance for appeal in the event of conviction; or he may request prior review by certiorari. But he may not, as he has tried to do here, substitute for either of these a so-called guilty plea with strings attached.

For the reasons heretofore set out, we hold the trial court was without authority to render judgment on defendant's conditional plea of guilty. We remand the case with

directions that such plea be srticken and that he be required to plead as provided in section 777.11, The Code, 1966.

Reversed and remanded.

All Justices concur, except, LARSON, J., who takes no part.