**STATE of Iowa, Appellee,**

v.

**Lloyd FREILINGER, Appellant.**

No. 96–548.

Supreme Court of Iowa.

Dec. 18, 1996.

William L. Kutmus of Kutmus & Pennington, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Steve Johnson, County Attorney, and Laura Scieszinski, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Defendant, Lloyd Freilinger, appeals from his guilty plea to the charge of operating a motor vehicle while intoxicated in violation of Iowa Code section 321J.2 (1995). On appeal, he contends the district court erred in overruling his motion to suppress. We affirm.

On September 12, 1995, a police dispatcher received an anonymous call indicating there was possibly an intoxicated driver on I–80 west bound near the 194 mile marker. The caller described the car as a Buick LeSabre with the license plate number 035733S. Newton police officer John Halferty received the call from the dispatcher and proceeded to the closest interchange with I–80. Officer Halferty spotted a vehicle matching the description and proceeded to stop it. Defendant, Lloyd Freilinger, was the driver of the car and was arrested for operating a motor vehicle while under the influence of alcohol and/or drugs (OWI), first offense.

Defendant filed a motion to suppress. The parties stipulated to the facts, including that the officer had no probable cause to stop defendant other than the anonymous call. The motion was overruled. Defendant filed a plea of guilty on February 16, 1996, and was sentenced on March 6, 1996. Due to the number of his previous (lifetime) OWI offenses, defendant's driving privileges were revoked for six years. Defendant filed a notice of appeal and the judgment was stayed pending further order of the court.

On appeal, defendant argues the court erred in overruling his motion to suppress. He contends the anonymous tip, absent any other evidence, was not sufficient to provide probable cause to stop his vehicle.

Defendant asserts he preserved this claim for appeal by entering into an agreement with the State in which he would be allowed to plead guilty while preserving his challenge to the suppression motion for appeal. This agreement is reflected in a letter dated March 13, 1996, and signed by defense counsel and an assistant county attorney. The letter was filed with the clerk of court on April 1, 1996. Defendant alternatively argues that if this court lacks jurisdiction because his plea was conditional in nature, then the plea is invalid and must be set aside and the matter be remanded to the district court for further proceedings.

The State contends defendant's entry of a guilty plea waived his right to contest the district court's adverse ruling on his motion to suppress. The State argues defendant had to proceed to trial or file for certiorari review in order to preserve his challenge to the suppression ruling. *See State v. Dorr,* 184 N.W.2d 673, 674 (Iowa 1971).

In *Dorr,* we held that the attempt by defendant to appeal from a conditional plea was unauthorized by our procedural rules and was therefore an invalid guilty plea. There the conditions were expressly made a part of the guilty plea. We said:

> We have repeatedly held a guilty plea is not only a confession of guilt but is, itself, a conviction of the highest order. Such a plea waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself.
>
> . . . .
>
> Other courts have also held a guilty plea must be unconditional to be valid.

*Id.* at 674 (citations omitted). Because the plea was conditional, we directed that the

plea be stricken, reversed and remanded for pleading anew.

We also said in *Dorr:*

Defendant really seeks an unauthorized interlocutory appeal. If he can circumvent our rules by this method, we would verily be called upon to decide countless procedural and evidentiary questions on such "conditional" pleas. Defendant's rights are now fully protected if his pre-trial motion is improperly overruled. He may go to trial, saving this grievance for appeal in the event of conviction; or he may request prior review by certiorari. But he may not, as he has tried to do here, substitute for either of these a so-called guilty plea with strings attached.

*Id.*

In the instant case the "strings attached" are not even a part of the guilty plea and are not a part of that record. A week after sentencing, a letter stating conditions of the plea was produced and filed two weeks later with the clerk of court. We find no connection between defendant's unconditional plea and the later letter purporting to make it conditional. There are no facts presented by this letter, in which defendant's and State's counsel agreed to conditions of appeal, that change the binding effect of the guilty plea of defendant.

In *Dorr,* the conditions were expressly made a part of the guilty plea, which resulted in an invalid plea. In the instant case, they were not. There are no legal grounds embraced by the guilty plea by which it is invalidated.

Defendant's conviction is affirmed.

**AFFIRMED.**