STATE of Iowa, Appellee,

v.

Kevin Gerald ANTENUCCI, Appellant.

No. 99–0143.

Supreme Court of Iowa.

March 22, 2000.

Curt Krull of Roehrick, Hultin, Krull & Blumberg, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, John P. Sarcone, County Attor- ney, and John Heinicke, Assistant County Attorney, for appellee.

NEUMAN, Justice.

This is an appeal by defendant, Kevin Antenucci, from the judgment and sentence entered on his pleas of guilty to two counts of forgery. *See* Iowa Code § 715A.2(1)(b), (2)(a)(3) (1997). We affirm.

Antenucci's forgery convictions stem from his use of a stolen credit card to make two sizeable retail purchases. He urged dismissal of the charges in district court, claiming the state should have charged him with the less-serious offense of credit card fraud. *See* Iowa Code § 715A.6. When the court denied the motion to dismiss, Antenucci withdrew his plea of not guilty. He then entered an *Alford* plea to the original charges. It is the trial court's dismissal ruling that Antenucci seeks to challenge on appeal.

 With limited exceptions, not pertinent here, a guilty plea taken in conformity with Iowa Rule of Criminal Procedure 8(2)(b) waives all defenses and objections. *State v. Yodprasit,* 564 N.W.2d 383, 387 (Iowa 1997); *State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980). "No provision is made in rule 8 for conditional pleas of guilty." *State v. Tobin,* 333 N.W.2d 842, 844–45 (Iowa 1983). "[O]ur law recognizes only three pleas to a criminal charge: guilty, not guilty, or former judgment of conviction or acquittal of the offense charged." *State v. Dorr,* 184 N.W.2d 673, 674 (Iowa 1971). A defendant seeking to challenge a guilty plea must do so by motion in arrest of judgment. *Worley,* 297 N.W.2d at 370. Failure to do so precludes the right to assert the challenge on appeal. *Id.;* Iowa R.Crim. P. 23(3)(a).

 The record before us reveals strict adherence by the court to the plea colloquy required by rule 8(2)(b). Thereafter the court advised Antenucci of his right to file a motion in arrest of judgment, and he

waived that right on the record. Antenucci entered a knowing and voluntary plea of guilty to the charges for which he now stands convicted. The error he alleges on appeal was waived along the way. It has not been preserved for our review. *See Dorr*, 184 N.W.2d at 674 (explaining rationale for rejecting expedient, but unauthorized, "guilty plea with strings attached"). We therefore affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except CARTER, J., who takes no part.