# IN THE COURT OF APPEALS OF IOWA

No. 13-1364
Filed December 10, 2014

**JEFFREY LEE LEMON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Henry County, Cynthia H. Danielson, Judge.

Jeffrey Lemon appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Clemens A. Erdahl of Nidey, Erdahl, Tindal & Fisher, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, Ed Harvey, County Attorney, and Erin Stensvaag, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Jeffrey Lemon appeals the district court's denial of his application for postconviction relief (PCR), raising claims concerning venue and ineffective assistance of counsel. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

On December 8, 2008, Lemon pled guilty to three counts of third-degree sexual abuse. Each count asserted Lemon had willfully and unlawfully committed sexual abuse upon his eleven-year-old special-needs daughter. By agreement, he was sentenced to ten-year terms on each count, to run consecutively. He did not appeal his sentences but filed several pro se motions. His motions were denied as untimely, since he did not file a notice of appeal. On August 30, 2010, Lemon filed a motion for correction of an illegal sentence based on an allegation of improper venue. The court denied the motion. On October 18, he filed a motion titled "motion to produce a ruling on motion to correct an illegal sentence." The court denied the motion. He appealed to our court,[1] and we affirmed his convictions finding his sentence was within the statutory bounds and not illegal.

Postconviction-relief proceedings are civil actions, ordinarily reviewed for the corrections of errors at law. *Bagley v. State*, 596 N.W.2d 893, 895 (Iowa 1999). To the extent Lemon alleges ineffective assistance of counsel, a constitutional claim, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

---

[1] *State v. Lemon*, No. 10-1769, 2012 WL 3590749, at *1 (Iowa Ct. App. Aug. 22, 2012).

On appeal, Lemon raises issues with venue and his trial counsel. Since Lemon pled guilty, and did not file a motion in arrest of judgment challenging his guilty plea, after being advised by the sentencing court to do so, he is precluded from asserting a challenge to venue. Iowa R. Crim. P. 2.8(2)(d); *see State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000) ("With limited exceptions, . . . a guilty plea taken in conformity with Iowa Rule of Criminal Procedure [2.8(2)(b)] waives all defenses and objections."); *see also State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea."). Although Lemon's failure to file such a motion prevents him from directly appealing his conviction, "this failure will not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from the ineffective assistance of counsel." *State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996). Accordingly, an ineffective-assistance-of-counsel claim is an exception to our error preservation rules. *State v. Allen*, 708 N.W.2d 361, 365 (Iowa 2006). Therefore, we will review Lemon's assertions as claims of ineffective assistance of counsel.

Lemon raises three ineffective-assistance-of-counsel claims: (1) his counsel was ineffective for failing to seek dismissal of count II of the indictment because the events described took place in another county making the venue improper, (2) his counsel was ineffective for failing to have Lemon examined for competency prior to his plea of guilty, (3) his counsel was ineffective for failing to fully explain the consequences of the plea agreement.

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The ineffective-assistance prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown ineffective assistance, they must also show the error caused prejudice. *Id.* at 143. The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Lemon must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *Ennenga*, 812 N.W.2d at 701.

We agree with the well-written decision of the district court:

> The Court concludes that although Mr. Lemon was, in hindsight, displeased with his attorney's handling of the case, he has failed to show that the conduct of his trial counsel was in any way prejudicial. The real crux of his complaints are that his trial counsel did not visit and confer with him as frequently as he would have desired and did not manage to obtain the outcome that he desired. Those complaints do not fall within a postconviction relief claim of ineffective assistance of counsel.
>
> Accordingly, the Court finds that Mr. Lemon's claims of ineffectiveness of counsel do not present an affirmative factual basis establishing inadequate representation by [his attorney]. The Court can find no evidence that [his attorney] performed below the standard expected of a reasonably competent attorney. His conduct did not result in any prejudice to Applicant, and for that reason, the Court finds that Mr. Lemon has not proved by a

preponderance of the evidence that [his attorney] was ineffective in his representation of Mr. Lemon.

Upon our de novo review of the record, we agree with the postconviction court's well-reasoned opinion and find Lemon has failed to show, by a preponderance of the evidence, his trial attorney provided ineffective assistance of counsel.

**AFFIRMED.**