# IN THE COURT OF APPEALS OF IOWA

No. 14-1671
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY WAYNE PIRTLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, Bradley J.

Harris, Judge.


        Anthony Pirtle appeals his judgment and sentence for conspiracy to

manufacture methamphetamine.  **AFFIRMED.**



        Fred Stiefel of Stiefel Law Office, Victor, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.



        Considered by Vogel, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

The State charged Anthony Pirtle by trial information on December 26, 2013, with conspiracy to manufacture methamphetamine and conspiracy to manufacture methamphetamine, second or subsequent offense. On September 10, 2014, Pirtle pled guilty to conspiracy to manufacture methamphetamine.

Pirtle appeals, contending he was denied his right to a speedy trial and his attorney was ineffective in failing to move to dismiss the trial information on that ground. The State counters that Pirtle waived any speedy-trial claims, including his ineffective-assistance-of-counsel claim, by pleading guilty. Alternatively, the State argues that any delay in bringing Pirtle to trial was attributable to Pirtle.

"It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009); *see also State v. Freilinger*, 557 N.W.2d 92, 93 (Iowa 1996) ("Such a plea waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself." (citation omitted)). Our supreme court has held a guilty plea "waives all claims of ineffective assistance of counsel except those that bear on the knowing and voluntary nature of the plea." *Manning v. State*, 654 N.W.2d 555, 561 (Iowa 2002). By pleading guilty, Pirtle waived his right to raise any speedy-trial issues, including his ineffective-assistance-of-counsel claim. *See State v. LaRue*, 619 N.W.2d 395, 399 (Iowa 2000) (holding defendant's claim that counsel was ineffective for failing to object to conflict of interest was waived by his guilty plea); *State v. Pearson*, No. 04-1285, 2005 WL 975641, at *1 (Iowa Ct. App. Apr. 28,

2005) (holding the defendant's guilty plea waived any right to raise speedy-trial issues including a claim of ineffective assistance of counsel).

We affirm Pirtle's judgment and sentence for conspiracy to manufacture methamphetamine.

**AFFIRMED.**