**IN THE COURT OF APPEALS OF IOWA**

No. 17-0394
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES P. TATUM,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith (motion to suppress and plea), and Paul L. Macek (sentencing), Judges.

The defendant appeals his guilty pleas and sentences. **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Charles Tatum appeals from his guilty pleas and the resulting sentences. On appeal, Tatum claims: (1) the district court erred in denying his motion to suppress; (2) there is not a factual basis to support his guilty plea for assaulting a peace officer; (3) trial counsel was ineffective for failing to object to his guilty plea for assaulting a peace officer; and (4) the district court abused its discretion when it sentenced him to incarceration rather than deferring judgment.

**I. Background Facts and Proceedings.**

Based on two separate events that occurred in July 2016, Tatum was charged by trial information with possession of a controlled substance with intent to deliver (marijuana) and failure to affix a drug tax stamp (FECR378714), and carrying weapons (AGCR378826).

On September 14, Tatum was a passenger in a car stopped by law enforcement officers. When the officers reached the vehicle, they could smell the odor of burnt marijuana. The officers searched the vehicle and found a grinder with marijuana residue and a marijuana cigarette; both were within the reach of Tatum's seat in the car. The officers advised Tatum they were going to place him under arrest for the marijuana cigarette, and Tatum fled on foot. Officers Tyler Gratz and Matthew Lovelady chased him. According to Officer Lovelady's report:

> After a short foot pursuit, with my left hand I was able to get hold of Tatum's shirt and pull him towards me at the same time Officer Gratz was able to get hold of Tatum's shirt. While doing this, Tatum swung his body around and with his left hand and with a closed fist, struck me on the left side of my forehead.

After Tatum was taken to the jail, 3.7 grams of crack cocaine were found in his sock. Tatum was charged with possession of a controlled substance (crack cocaine); assault on a peace officer; interference with official acts; and possession of a controlled substance (marijuana), second offense (FECR380147).

Tatum filed a motion to suppress, arguing the warrantless search of the vehicle was illegal because the owner/driver of the vehicle had told the officers they could not search. Tatum maintained that if the officers had not searched the vehicle, they would not have stated they were arresting him for the found marijuana, and none of the other charges would have followed.

The State filed a resistance to the motion, arguing Tatum lacked standing to challenge the validity of the search because as a passenger he did not have a legitimate expectation of privacy. Alternatively, the State claimed that even if Tatum had standing to challenge the search, the officers had probable cause for the search based on the smell of burnt marijuana emanating from the vehicle.

At the hearing on the motion, Tatum stipulated that he was a passenger in the vehicle that was searched. The court denied Tatum's motion to suppress, stating:

> [B]ased on the stipulation that the defendant was a passenger in the motor vehicle, the Court finds that he does not have standing and there's no reason to produce evidence because of the lack of standing to object to the search of a motor vehicle in which he was a passenger, and *State v. Halliburton*[1] clearly says that, and, therefore, the Court overrules the motion for that reason.

---

[1] 539 N.W.2d 339, 342 (Iowa 1995).

Tatum reached a plea agreement with the State, which involved all three of the foregoing cases. The agreement provided that Tatum would plead guilty to possession of a controlled substance (crack cocaine); assault on a peace officer; possession of a controlled substance with intent to deliver (marijuana); and carrying weapons. The State would dismiss the rest of the charges and would make no recommendation at sentencing.

On January 18, 2017, the district court accepted Tatum's plea in open court. Regarding Tatum's plea for assaulting a peace officer, the following exchange took place between the court and Tatum:

> THE COURT: You're also pleading guilty to Count 2, assault on persons engaged in certain occupations, in violation of Iowa Code Section 708.3A(3) [(2016)]. Under that section it reads that: A person who commits an assault, as defined in section 708.1, against a peace officer, jailer, correctional staff, member or employee of the board of parole, health care provider, employee of the Department of Human Services, employee of the Department of Revenue, or firefighter, whether paid or volunteer, who knows that the person against whom the assault is committed is a peace officer, jailer, correctional staff, member or employee of the board of parole, health care provider, employee of the Department of Human Services, employee of the Department of Revenue, or firefighter who causes bodily injury or mental illness is guilty of an aggravated misdemeanor.
> . . . .
> Did you understand the definition of assault on persons engaged in certain occupations?
> TATUM: Yes, sir.
> THE COURT: Did you understand the penalty which may be imposed upon your plea of guilty to this offense?
> TATUM: Yes, sir.
> THE COURT: Before you can be found guilty of this offense, the State must prove beyond a reasonable doubt each of the following: That on or about September 14, 2016, in Scott County, State of Iowa, you did assault Davenport Police Officer Matthew Lovelady.
> TATUM: Yes, sir.

THE COURT: Number two, that you knew that the Davenport police officer was in fact a police officer; and, number three, that you did so without any type of justification.

Did you understand the elements the State must prove beyond a reasonable doubt to the satisfaction of a jury of twelve people before you can be convicted of this offense?

TATUM: Yes, sir

. . . .

THE COURT: In Count 2, can you tell me what you did in order to be charged with assaulting a police officer?

TATUM: I attempted to flee and the officer reached out and grabbed me, and I turned around and swung at the officer.

THE COURT: All right. You knew he was a police officer; is that correct?

TATUM: Yes.

THE COURT: You said you swung at him; is that correct?

TATUM: Yes.

THE COURT: And that occurred on September 14, 2016, in Scott County, Iowa; is that correct?

TATUM: Yes.

. . . .

THE COURT: And what is your plea to Count 2, assaulting a police officer, guilty or not guilty?

TATUM: Guilty.

Following his guilty pleas, Tatum filed a pro se "motion requesting new counsel and plea withdrawal." In the motion, Tatum maintained his plea should be withdrawn because "it was entered by faulty advice from counsel" and "it was entered unintelligently."

At the onset of the sentencing hearing, Tatum's counsel informed the court Tatum had filed a motion in arrest of judgment and a motion to substitute counsel but Tatum had decided to withdraw the motions and proceed to sentencing, and Tatum confirmed it. The court considered Tatum's extensive criminal history as well as the fact that he was out on bond for the charges in case FECR378714 when he committed the other criminal acts. The court also considered the report from the presentence investigation (PSI), noting, "Mr.

Tatum, the PSI report says this, 'The defendant scored in intensive risk for violence and intensive risk for victimization. The defendant's incarceration is recommended.'" Tatum was sentenced to a term of incarceration not to exceed ten years.

He appeals.

## II. Discussion.

### A. Motion to Suppress.

Tatum maintains the district court erred in denying his motion to suppress evidence in case FECR380147.

Tatum cannot directly appeal the district court's denial of his motion to suppress; his guilty plea waived any such right. *See State v. Door*, 184 N.W.2d 673, 674 (Iowa 1971) ("We have repeatedly held a guilty plea is not only a confession of guilt but is, itself, a conviction of the highest order. Such a plea waives all irregularities except that the information or indictment charges no offense and the right to challenge the plea itself.").

Our case law allows Tatum to appeal from his guilty plea if his counsel failed to investigate or file a meritorious motion to suppress. *See State v. Carroll*, 767 N.W.2d 638, 643 (Iowa 2009) (holding claims of ineffective assistance arising from counsel's failure to investigate or file a meritorious motion to suppress can survive a guilty plea). But that is not the case here. The motion to suppress was filed, and the district court denied it. Moreover, although Tatum mentions that he may raise his claim under the ineffective-assistance framework, it does not appear that he has actually done so. Tatum has not articulated how counsel breached a duty in such an instance, and he does not offer any

explanation of how he believes he was prejudiced. He also failed to cite any case law in support of the necessary framework. We do not consider this claim further. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite an authority in support of an issue may be deemed waiver of that issue."); *State v. Walden*, No. 02-0445, 2003 WL 1041148, at *2 (Iowa Ct. App. Mar. 12, 2003) ("Because [the defendant] fails to articulate any arguments to that end, the point is moot. Therefore, we need not consider [the defendant's] claim." (citation omitted)).

**B. Factual Basis: Assaulting a Peace Officer.**

Tatum maintains the district court erred in accepting his guilty plea for assaulting a peace officer because there is not a factual basis to support it. Specifically, he claims there is nothing in the record to support a finding he intended to cause pain, injury, insult, or offense to the officer, or to place him in fear of such contact.

Because Tatum was advised of the need to file a motion in arrest of judgment if he wanted to withdraw his plea and he ultimately withdrew the motion without having the district court hear or decide it, Tatum has not preserved this claim. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on direct appeal."); *see also DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 293 (Iowa 2017) ("Generally, we will not decide an issue presented to us on appeal that was not presented to and decided by the district court.").

Tatum also argues counsel was ineffective for allowing him to withdraw his motion in arrest of judgment when there was not a factual basis to support his

plea. Such an argument is an exception to our error-preservation requirement. *See, e.g.*, *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001).

"If a defendant enters a plea of guilty to a crime and the record fails to disclose a factual basis, defense counsel failed to provide effective assistance. Additionally, prejudice in inherent under the circumstances." *Id.* (citation omitted). When determining if there is a factual basis to support the plea, we consider "the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea hearing, and the presentence investigation report." *Id.* The record does not need to establish that Tatum committed the crime beyond a reasonable doubt, "but only that there be a factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013).

Because proof that Tatum intended to cause pain, injury, insult, or offense to the officer, or to place him in fear of such contact "requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence." *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). "[T]he facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *Id.*

Here, Tatum was attempting to flee from the officers; when the officers reached him and were able to get a hand on his clothing, Tatum hit one of the officers in the head with a closed fist. Tatum argues that rather than intending to hit or harm the officer, "it is just as likely that he simply was flailing around to keep his balance" and "the blow was actually an accident." However, during his colloquy with the court, Tatum admitted "[he] turned around and swung at the

officer." Because the natural consequence of swinging a closed fist at the officer is to causing pain, injury, insult, or offense to the officer, or to place him in fear of such contact, there is a factual basis to support the finding Tatum had the requisite intent. *See State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004) ("[A]n actor will ordinarily be viewed as intending the natural and probable consequences that usually follow from his or her voluntary act."). In reaching this conclusion, we have not considered the statements Tatum made at sentencing, as those were not part of the record before the district court at the time Tatum entered his guilty plea. *See Schminkey*, 597 N.W.2d at 787 (noting "the ultimate focus in this case is on the record before the district court at the time of the guilty plea proceedings").

Because a factual basis supports that Tatum had the specific intent to assault the police officer, counsel was not ineffective for allowing Tatum to withdraw his motion in arrest of judgment.

**C. Sentencing.**

Tatum maintains the district court abused its discretion when it sentenced him to a period of incarceration not to exceed ten years.

Although Tatum maintains he could have been successful with a less-restrictive sentence, he also concedes that the sentences he received were within the statutory limits and are cloaked with a strong presumption in their favor. *See State v. Lloyd*, 530 N.W.2d 708, 713 (Iowa 1995). Tatum has several arguments about why the court should have exercised its discretion differently, but he has not established that the court made a reversible error. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of

the district court absent an abuse of discretion or some defect in the sentencing procedure.").

Tatum asked the court to defer judgment for all four of his convictions; the court decided that was not appropriate, noting that Tatum had assaulted a police officer while out on bond for two other cases; had an extensive criminal history, which "clearly suggest[ed he was] not good at following rules"; and had "scored in intensive risk for violence and intensive risk for victimization." We cannot say the sentence imposed by the district court was unreasonable or an abuse of discretion. *See State v. Hopkins*, 860 N.W.2d 550, 545 (Iowa 2015) ("On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable.").

We affirm Tatum's convictions and sentences.

**AFFIRMED.**