# IN THE COURT OF APPEALS OF IOWA

No. 17-0749
Filed March 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WENDY LYNN YOUNG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

        Wendy Young appeals from her conviction after entering a guilty plea for arson in the second degree. **JUDGMENT AND SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Wendy Young appeals from her conviction after entering a guilty plea for arson in the second degree, a class "C" felony, in violation of Iowa Code sections 712.1 and .3 (2016). Young contends her defense counsel rendered ineffective assistance in failing to challenge the factual basis and the voluntary and intelligent nature of the guilty plea. Young also asserts the district court abused its discretion in considering improper factors and in failing to exercise its discretion when reaching its sentencing determination. We find the record lacks a factual basis for the plea, and we conclude defense counsel was ineffective in failing to challenge that deficiency. We therefore vacate the judgment and sentence and remand the case to the district court for further proceedings consistent with this opinion.

On October 8, 2016, after threatening to harm herself, Young set fire to her purse, which was located on her bed. Young was intoxicated at the time. Young's ex-husband left Young's residence just prior to Young setting the fire. He returned, however, because he was concerned about Young's threats to harm herself. When he returned to the residence, he observed smoke and found Young lying on the floor next to her burning bed. He extinguished the flames just before firefighters arrived. The fire resulted in damage to Young's purse, the bed, and the walls of the bedroom.

Young entered a guilty plea to second-degree arson on February 9, 2017. On appeal, Young does not contest that she started the fire. Rather, Young maintains the guilty plea was not voluntarily and intelligently entered and there

was no factual basis for finding she had the requisite intent to commit the crime due to her mental-health issues. Young also contends the district court failed to fully exercise its discretion because it improperly considered the closure of mental-health facilities in the state when reaching its sentencing decision.

Young first asserts there was no factual basis for the guilty plea and defense counsel was ineffective in failing to file a motion in arrest of judgment to challenge the plea's deficiency.

"We review ineffective-assistance-of-counsel claims de novo." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To establish a claim of ineffective assistance, Young must show by a preponderance of the evidence (1) her trial counsel failed to perform an essential duty and (2) this failure resulted in prejudice. *See id.* "If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty." *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005).

Young argues there was no factual basis establishing she had the requisite intent to commit second-degree arson due to her mental-health issues. Young points to the following portion of the court's colloquy during the guilty-plea hearing as evidence of her lack of intent:

> Q. And you intentionally started this fire; right? Did you do it on purpose or did the fire start by accident? A. I did it.
> Q. Well, I know you did it. Did you intend to start the fire? A. At the time I was having a really—I have extreme PTSD [posttraumatic stress disorder], and at the time this happened—I know this sounds odd—but it was like I was in a bubble, and I couldn't get out. I just wanted out of it. It was like I was in a bubble, and I was the only person in the whole world.

Q. When you were in the bubble, the fire started; correct?  A. Yes, Your Honor.
Q. Did someone else start the fire?  A. No, sir.
Q. Did you start the fire by accident?
COUNSEL FOR YOUNG: Were you trying to harm yourself when you started the fire?  A. I had thought of harming myself, but, more, I just wanted something to get the bubble away?
COUNSEL FOR YOUNG: So you started the fire?  A. Yes.  I started my purse on fire.
COUNSEL FOR YOUNG: On purpose?  A. Yes.

Young asserts her responses to the court's questions and the information contained in the presentence investigative report (PSI) completed after the guilty-plea hearing[1] reflect she was in a dissociative state at the time she started the fire and did not have the intent necessary under section 712.1.  Section 712.1 defines arson as "[c]ausing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged."

This court has previously addressed the intent necessary to establish an individual has committed second-degree arson.  *See State v. Woodworth*, No. 04-0096, 2006 WL 228769, at *8 (Iowa Ct. App. Feb. 1, 2006).  In *Woodworth*, we held:

> Since January 1, 1978, Iowa Code section 712.1 has provided, in relevant part:
> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive

---

[1] "In deciding whether a factual basis exists, we consider the entire record before the district court *at the guilty plea hearing*, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (emphasis added).  However, we decline to consider the PSI, which was not available at the time of the plea proceeding. *See State v. Fluhr*, 287 N.W.2d 857, 868 (Iowa 1980), *overruled on other grounds by State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990).

> device or material, in or near property *with the intent to destroy or damage such property,* or *with the knowledge that such property will probably be destroyed or damaged,* is arson.
>
> We conclude the *actus reus* of section 712.1 consists of causing a fire or explosion, or placing any of the designated items, in or near property. We further conclude the *mens rea* of section 712.1 consists of performing the *actus reus* either (1) with specific intent, as described by the first phrase emphasized in the statute quoted above, or (2) with guilty knowledge, as described by the second phrase emphasized in the statute quoted above. We thus conclude the crimes as submitted to the jury in this case are, in one of the two submitted alternatives, specific intent crimes.

*Id.* (citations omitted).

On our review of the record available to the district court at the time of the guilty-plea hearing, we conclude there was not a sufficient factual basis establishing Young's knowledge to commit arson. Young's testimony at the guilty-plea hearing does not reflect the requisite "guilty knowledge" that someone's property would probably be destroyed as a result of her starting the fire. Young agreed she started the fire "on purpose." Young acknowledged the result of her starting the fire was that "[t]he purse was destroyed, the mattress had damage, and there was some soot damage" to the house. Young stated she started the fire because she "had thought of harming" herself and also because she "just wanted to get the bubble away." Young did not state she understood starting the fire would cause damage to property other than her purse.

Although the guilty plea colloquy may have supported specific intent to commit arson, the district court had already been informed of Young's defense of diminished responsibility. The district court did not ask Young if she was waiving or forgoing this defense or if she understood that a guilty plea waives all

defenses that are not intrinsic to the plea. *State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000). Moreover, Young's statements during the colloquy explaining her actions and the "bubble" she saw herself in should have alerted the district court to ask if she was waiving the defense of diminished responsibility, knew the plea waived all defenses, or if she was tendering her plea solely based upon the second alternative—requiring knowledge that another person's property would "probably be destroyed or damaged." Iowa Code § 712.1(1). The defense of diminished responsibility is only available to specific intent crimes and may not serve to negate an element requiring knowledge. *State v. McVey*, 376 N.W.2d 585, 586-88 (Iowa 1985); *accord Anfinson v. State*, 758 N.W.2d 496, 502 (Iowa 2008). Thus, Young's defense of diminished responsibility would not benefit her relative to the second alternative of arson.

We find the record insufficient to support the knowledge alternative of arson in the second degree, and absent a waiver of Young's defense of diminished responsibility or her being informed that the guilty plea would result in waiver of all defenses, we are unable to uphold the plea.[2] We conclude counsel was ineffective for permitting Young to plead guilty without a factual basis, vacate the sentence, and remand for further proceedings to allow the State an opportunity to establish a factual basis. *State v. Schminkey*, 597 N.W.2d 785,

---

[2] The minutes of testimony do not add anything to provide a factual basis relative to the knowledge element. *Cf. State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (finding a factual basis upon a review of the entire record, including the minutes of testimony).

792 (Iowa 1999).[3]  In light of our decision on this issue, we need not address the remaining issues.

**JUDGMENT AND SENTENCE VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

---

[3] Our criminal justice system is overburdened with individuals with mental-health issues. This case exemplifies the difficulties prosecutors, defense counsel, and courts face when a defendant may be suffering from some level of diminished capacity at the time of the act.