# IN THE COURT OF APPEALS OF IOWA

No. 17-0296
Filed March 7, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CRAIG ALAN PFEIFERLING,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, John G. Linn (suppression ruling) and Mary Ann Brown (plea and sentencing), Judges.

Craig Pfeiferling appeals following his guilty plea to possession of marijuana, second offense. **AFFIRMED.**

Eric D. Tindal of Keegan Farnsworth & Tindal, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

Craig Pfeiferling appeals following his guilty plea to possession of marijuana, second offense. He contends his plea was not knowing and voluntary because he was not informed that by pleading guilty, he was waiving his right to appeal the court's adverse ruling on his motion to suppress. Because Pfeiferling's failure to file a motion in arrest of judgment waives his right to challenge adequacy of the underlying plea proceeding, *see* Iowa R. Crim. P. 2.24(3)(a); *State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006), he instead argues his trial counsel was ineffective for permitting the plea to proceed, *see Straw*, 709 N.W.2d at 133 (acknowledging that a defendant's failure to file a motion in arrest of judgment does not bar a challenge to a guilty plea if the failure resulted from ineffective assistance of counsel).

To succeed on his ineffective-assistance claim, Pfeiferling must show his counsel failed to perform an essential duty and this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Straw* 709 N.W.2d at 133. If a defendant enters a plea that is not voluntarily and intelligently made, counsel's failure to file a motion in arrest of judgment challenging the plea constitutes a breach of duty. *See Straw*, 709 N.W.2d at 133. Iowa Rule of Criminal Procedure 2.8(2)(b) sets forth requirements for ensuring a plea is voluntarily and intelligently made. Nothing in the rule requires apprising defendants that pleading guilty waives the right to attack an adverse suppression ruling.[1] Accordingly,

---

[1] We do note that a claim of ineffective assistance of counsel arising from counsel's failure to investigate or file a meritorious motion to suppress survives the entry of a guilty plea. *State v. Carroll*, 767 N.W.2d 638, 643-44 (Iowa 2009).

Pfeiferling's counsel did not breach an essential duty in allowing the plea to proceed without informing Pfeiferling that by pleading guilty, he was waiving his right to appeal the court's adverse ruling on his motion to suppress.

Anticipating that his ineffective-assistance claim would not succeed, Pfeiferling seeks to challenge the law underlying it: that a guilty plea waives all irregularities except those intrinsic to the plea itself. *See, e.g.*, *State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011). While acknowledging that prior precedent[2] unequivocally rejects conditional plea agreements—those that would allow a defendant to plead guilty while retaining the right to attack an adverse ruling in the underlying criminal prosecution—Pfeiferling advances an argument in favor of allowing conditional pleas, claiming that prohibiting them violates his procedural due process rights. Pfeiferling failed to raise his constitutional claim prior to appeal and thereby waives it. *See State v. Farni*, 325 N.W.2d 107, 109 (Iowa 1982) ("We do not review issues, even on constitutional grounds, which are raised for the first time on appeal."). Regardless, we recognize that "[w]e are not at liberty to overrule controlling supreme court precedent." *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). For these reasons, we affirm.

**AFFIRMED.**

---

[2] *See, e.g.*, *State v. Dorr*, 184 N.W.2d 673, 674 (Iowa 1971) (holding "the trial court was without authority to render judgment on defendant's conditional plea of guilty").