# IN THE COURT OF APPEALS OF IOWA

No. 18-0848
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERICK BYICAZA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.


        Eric Byizaca appeals the judgment and sentence entered after he pled guilty to one count of dependent adult abuse. **AFFIRMED.**


        Jeremy B. A. Feitelson of Nelsen & Feitelson Law Group, P.L.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., Mullins, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DOYLE, Presiding Judge.**

Eric Byizaca appeals the judgment and sentence entered after he pled guilty to one count of dependent adult abuse, in violation of Iowa Code section 235B.20(4) (2017). He contends his trial counsel was ineffective by allowing him to plead guilty and the court failed to ensure he entered his plea knowingly and voluntarily as required by Iowa Rule of Criminal Procedure 2.8(2)(b).

At the outset, we note that Byizaca failed to challenge his plea by moving in arrest of judgment. Ordinarily, this failure precludes a defendant from challenging the plea on direct appeal. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). However, Byizaca raises two of his claims under the ineffective-assistance-of-counsel rubric, which is an exception to the error-preservation rule. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). Because Byizaca's does not raise his knowing and voluntary claim as one of ineffective assistance, we decline to address it on direct appeal.[1]

We turn then to Byizaca's two ineffective-assistance claims. In order to prove a claim of ineffective assistance, a defendant must prove trial counsel failed to perform a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860,

---

[1] Although Byicaza erroneously states he preserved error on the claim by filing a timely notice of appeal, *see* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006), he also claims the appeal is not precluded by the rules of error preservation because it "is in part based on ineffective assistance of counsel for failing to file a motion in arrest of judgment." Unlike the other claims raised in this appeal, Byicaza does not specifically articulate his claim concerning the voluntariness of his plea as one of ineffective assistance of counsel. Even assuming Byicaza is raising it as an ineffective-assistance claim, the record is insufficient to allow us to address it on direct appeal.

869 (Iowa 2003). In the context of a guilty plea, a defendant shows prejudice by proving that, but for counsel's breach, there is a reasonable probability the defendant "would not have pled guilty and would have insisted on going to trial." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Unless the defendant proves both prongs, the ineffective-assistance claim fails. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012). Although we ordinarily preserve such claims for postconviction proceedings, we will resolve them on direct appeal when the record is adequate. *See id.* at 494.

Byizaca first argues his trial counsel rendered ineffective assistance by allowing him to enter his plea without a factual basis to support the charge. *See* Iowa R. Crim. P. 2.8(2)(b) (stating that the district court shall not accept a plea without first determining it has a factual basis). If counsel allows a defendant to plead guilty to a charge without a factual basis, then an essential duty has been breached and "[p]rejudice is inherent." *State v. Gines*, 844 N.W.2d 437, 441 (Iowa 2014). We look at the entire record before the district court at the time of the plea to determine whether a factual basis for the plea exists. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "[T]he record must disclose facts to satisfy all elements of the offense." *Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014).

A person commits a class "C" felony of dependent adult abuse by engaging in intentional dependent adult abuse that results in physical injury. *See* Iowa Code § 235B.20(4). Dependent adult abuse occurs if a caretaker's willful or negligent acts or omissions result in an injury to or assault of a dependent adult. *Id.* § 235B.2(5)(a)(1)(a). The minutes of evidence allege that Byizaca struck the dependent adult in the face with an open hand, resulting in bruising and scratches

near the dependent adult's eye. Both the dependent adult and a staff member who witnessed the incident reported Byizaca's actions. There is a sufficient factual basis in the record for Byicaza's plea. Although Byicaza claims the record fails to establish that the offense occurred without justification, the State is not required to disprove an affirmative defense. *See State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000) (observing that a guilty plea "waives all defenses and objections"); *State v. Delay*, 320 N.W.2d 831, 834 (Iowa 1982) (noting that "justification is an affirmative defense to assault"); *State v. Ledesma*, No 18-0253, 2018 WL 5291356, at *3-4 (Iowa Ct. App. Oct. 24, 2018) (holding State is not required to prove absence of an affirmative defense to establish a factual basis for guilty plea); *State v. McKibbon*, No. 17-1533, 2018 WL 1631384, at *2 (Iowa Ct. App. Apr. 4, 2018) (holding defendant failed to establish counsel was ineffective in permitting him to plead guilty to assault charge where the minutes of evidence "clearly provide a factual basis" for the plea and lack "any evidence or even a suggestion" that defendant asserted a justification for the assault); *State v. Spencer*, No. 12-1329, 2013 WL 264214, at *2 (Iowa Ct. App. Jan. 24, 2013) (finding a factual basis for acceptance of defendant's guilty plea where the record established the State could prove each element of assault beyond a reasonable doubt and contained no evidence that the defendant attempted to prove justification).

Finally, Byicaza alleges his trial counsel was ineffective for allowing him to plead guilty because the definition of "dependent adult abuse" concerning willful or negligent acts or omissions of a caretaker that result in "injury which is at a variance with the history given of the injury" is unconstitutionally vague. Iowa Code § 235B.2(5)(a)(1)(a). Byicaza was not convicted of dependent adult abuse on this

basis.  Therefore, he lacks standing to raise this claim.  *See State v. Reed*, 618 N.W.2d 327, 332 (Iowa 2000) (holding that although a defendant has standing to claim a statute is unconstitutionally vague as applied to the defendant, that does not mean a defendant has standing to claim the statute is unconstitutional as applied to others).

Because Byicaza has failed to prove his counsel was ineffective based on the two grounds raised in this appeal, we affirm his conviction and sentence.

**AFFIRMED.**