# IN THE COURT OF APPEALS OF IOWA

No. 19-0801
Filed December 16, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**NEIL SEAN EVANS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

Defendant appeals his conviction for operating while intoxicated, third or subsequent offense.  **AFFIRMED.**

Elizabeth K. Johnson of Johnson Law Firm, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Bower, C.J., May, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Neil Evans appeals his conviction for operating while intoxicated (OWI), third or subsequent offense. We determine Evans's claims of ineffective assistance of counsel should be preserved for possible postconviction relief proceedings.[1] We affirm his conviction.

On February 23, 2018, Evans was charged with OWI, third or subsequent offense, in violation of Iowa Code section 321J.2 (2018), as a habitual offender, and driving while revoked, in violation of section 321J.21. Evans filed a motion to suppress, claiming there was not probable cause to stop his vehicle. After a hearing, the court denied the motion.

The State amended the trial information to eliminate the habitual offender provision in the first count. Evans entered into a plea agreement in which he agreed to plead guilty to the OWI charge and the State agreed to dismiss the charge of driving while revoked. The court accepted Evans's guilty plea. The court advised Evans of his right to file a motion in arrest of judgment, but no such motion was filed. Evans was sentenced to a term of imprisonment not to exceed five years, the sentence was suspended, and he was ordered to serve sixty days in jail and placed on probation for two years. Evans appeals his conviction.

---

[1] "The Iowa Code no longer permits claims of ineffective assistance of counsel to be decided on direct appeal, *see* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (Supp. 2019))," however that "provision 'do[es] not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.'" *State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020) (alteration in original) (quoting *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019)). Also, the legislation restricts direct appeals from guilty pleas. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3)). The district court entered judgment and sentence in this case on April 29, 2019.

Evans claims he received ineffective assistance because defense counsel did not file a motion in arrest of judgment. He asserts defense counsel did not inform him that his guilty plea precluded him from appealing the district court's ruling on his motion to suppress. *See State v. Freilinger*, 557 N.W.2d 92, 93 (Iowa 1996) (stating the entry of a guilty plea waived a defendant's right to contest an adverse ruling on a motion to suppress). Evans states that if he had known he could not challenge the ruling on the motion to suppress on appeal, he would not have pled guilty. Evans states that if he had known he could stipulate to a trial on the minutes in order to preserve his ability to appeal the motion to suppress, he would have chosen this option.

We review claims of ineffective assistance of counsel de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). In order to show ineffective assistance in relation to a guilty plea, a defendant must show counsel failed to perform an essential duty and "there is a reasonable probability that, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

Claims of ineffective assistance of counsel are normally preserved for postconviction relief proceedings. *State v. Trane*, 934 N.W.2d 447, 465 (Iowa 2019). In a postconviction proceeding, defense counsel will have a full opportunity to explain the actions taken on behalf of the defendant. *Id.* Additionally, the parties will have the ability to "develop an adequate record of the claims." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (quoting *State v. Harrison*, 914 N.W.2d 178, 206 (Iowa 2018)). We address claims of ineffective assistance of counsel on direct appeal only where the record is adequate. *Id.*

We find the record in this case is not adequate to address Evans's claims of ineffective assistance of counsel. By preserving the claim for postconviction relief proceedings, both Evans and defense counsel will have the ability to develop the record concerning defense counsel's advice to Evans prior to the guilty plea.

We affirm Evans's conviction for OWI, third or subsequent offense.

**AFFIRMED.**