# IN THE COURT OF APPEALS OF IOWA

No. 19-0394
Filed December 16, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MANDELL CLARK,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Defendant appeals from his guilty plea, claiming ineffective assistance of counsel. **AFFIRMED.**

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**VOGEL, Senior Judge.**

On January 22, 2019, Mandell Clark pleaded guilty to first-degree harassment in violation of Iowa Code section 708.7(1), (1)(a)(1), and (2)(a)(1) (2018); stalking in violation of Iowa Code section 708.11(2) and (3)(b)(1); and assault causing bodily injury in violation of Iowa Code sections 708.1(1) and 708.2(2). The district court accepted his plea and imposed sentence on March 1. Clark appeals, asserting his counsel was ineffective by failing to exclude a witness's testimony from the minutes of evidence after the witness did not comply with the deposition subpoena.[1]

We review claims of ineffective assistance of counsel de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

It has long been established that "[w]ith limited exceptions . . . a guilty plea taken in conformity with Iowa Rule of Criminal Procedure [2.8(2)(b)] waives all defenses and objections." *State v. Antenucci*, 608 N.W.2d 19, 19 (Iowa 2000). Even when brought as a claim of ineffective assistance of counsel, those "limited exceptions" are those that are intrinsic to the plea, that is, when a plea is not knowingly or voluntarily entered. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Clark does not claim his plea was either involuntarily or unknowingly entered. Accordingly, his assertion on appeal that plea counsel should have insisted the witness be deposed prior to entry of his plea is waived.

Therefore, we affirm Clark's conviction and sentence.

**AFFIRMED.**

---

[1] Because Clark's judgment and sentence were entered prior to July 1, 2019, when new legislation took effect that prohibited ineffective-assistance-of-counsel claims "on direct appeal from the criminal proceedings," we may proceed with the issue raised. 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7 (Supp. 2019)).